353 So.2d 141 (1977)
B & J HOLDING CORPORATION, a Florida Corporation, et al., Appellants,
v.
Bertha WEISS et al., Appellees.
No. 76-1574.
District Court of Appeal of Florida, Third District.
November 22, 1977.
Rehearing Denied January 4, 1978.
*142 L. J. Cushman, Miami, for appellants.
Williams, Salomon, Kanner & Damian and Gary S. Brooks, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
This is an appeal by defendant corporate developer and its three principal officers from a final judgment totalling $51,489.88 entered pursuant to a jury verdict in favor of the plaintiffs, a condominium association and the unit owners, in this action for breach of implied warranty and contract.
Several unit owners in the Stuart House Condominium on behalf of themselves, the remaining unit owners and the condominium association filed a breach of contract and implied warranty action against the developer, B & J Holding Corporation, and its three principal officers, Louis Sternberg, Ben Okun and Louis Halpern, who were the initial officers and directors of the condominium association. Plaintiffs' complaint, in essence, alleged that B & J breached its purchase contract and implied warranties of fitness by substituting inferior features for those set forth in the documents incorporated into the purchase contract thereby changing the building plans filed with the local governmental authority, and constructing the common elements and systems of the building in an improper and inferior manner. The alleged deficiencies consisted of the following: (1) omission of sound boards in party walls, (2) omission of moisture proofing in the card room wall, (3) utilization of an incorrect voltage system, (4) utilization of 3 HP rather than 5 HP water pumps, (5) failure to provide housing for the hot water heaters on the roof, and (6) use of clear plate glass rather than tinted glass. The complaint further alleged that Sternberg, Okun and Halpern, as the initial officer and directors of the condominium association, breached their fiduciary duty to the association in failing to assess B & J as the owner of the unsold units for the maintenance payments due the association. Plaintiffs prayers for punitive damages and attorney fees were ultimately stricken by the court. At the ensuing trial, the jury returned a verdict against B & J for $48,884 on the breach of contract and implied warranty counts, and a $2,605.88 verdict against B & J, Sternberg, Okun and Louis Halpern holding them jointly and severally liable for the breach of their fiduciary duty to the association. Judgment was entered accordingly.
After considering the arguments raised in defendants' first two points on *143 appeal that plaintiffs, as a matter of law, could not prevail upon the counts of breach of contract and implied warranty, we conclude that these points have been adversely determined to defendants in David v. B & J Holding Corp., 349 So.2d 676 (Fla.3d DCA revised opinion filed August 9, 1977).
Defendants also argue that plaintiffs were not entitled to recover the cost of remedying or repairing the deficiencies because they produced no evidence as to the sums incurred to correct or repair the deficiencies.
The record contains ample testimony as to the expenses which will have to be incurred to correct the defects and in a case of this nature the measure of damages is the cost of correcting the defects or completing the omissions. Edgar v. Hosea, 210 So.2d 233 (Fla.3d DCA 1968).
Next, defendants Sternberg, Okun and Halpern contend the court erred in instructing the jury that it could find them personally liable, as initial officers and directors of the condominium association, for B & J's failure to make the maintenance payments for the unsold units to the association.[1]
In support of their contention, defendants cite to 7 Fla.Jur. Contracts § 305 (1956):
"§ 305. Liability for Corporate Acts, Debts, and Contracts.
"The directors or officers of a corporation are not liable for corporate acts and debts simply by reason of their official relation to the corporation; they are merely the agents of the corporation and on principle should no more be held liable therefore than any other agent should be held for the acts and debts of his principal ..."
Although we do not take issue with the above principle of law, we nevertheless find it inapplicable here as the defendants are not being held liable in their capacity as principal officers of B & J, but rather as the condominium association's initial directors and officers who deliberately failed to collect the maintenance payments due the association from B & J as owner of the unsold units. We hold that where an officer and director of a corporation occupies a quasi-fiduciary relationship toward the corporation and its stockholders and is bound to act with fidelity and the utmost faith, he (or she) in accepting the office impliedly agrees and undertakes to give the corporation the benefit of his (or her) best care and judgment and to exercise his (or her) powers in the interest of the corporation and the stockholders; officers and directors are liable for damages to the corporation which results from a breach of their trust on the common law rule of the responsibility of an agent for injury to his principal. See Flight Equipment & Engineering Corp. v. Shelton, 103 So.2d 615 (Fla. 1958) and 7 Fla. Jur. Corporations §§ 299-300 (1956) and cased cited therein. Thus, we conclude the personal liability instruction was correct and the evidence was sufficient to support the verdict holding defendants personally liable.
Last, defendants argue plaintiffs are barred by the one-year statute of limitation set forth in Section 711.24(1)(g)(3), Florida Statutes (1973).
This argument lacks merit because plaintiffs did not bring this action under Chapter 711, Florida Statutes (1973). The relief granted was premised upon common law causes of action.
On cross-appeal plaintiffs contend the court erred by striking their claim for punitive damages before the trial. We cannot agree.
The law with respect to punitive damages is that such damages are not recoverable for breach of contract; however, where the acts constituting a breach of contract also amount to a cause of action in tort, there may be recovery of exemplary damages upon the proper allegations and proof of the intentional wrong, insult, abuse or gross negligence constituting an independent tort. Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957); Country Club of Miami *144 Corporation v. McDaniel, 310 So.2d 436 (Fla.3d DCA 1975). We find plaintiffs failed to allege a willful, independent tort, separate and apart from the breach of contract, upon which punitive damages might be claimed.
We also considered plaintiffs' remaining second point on cross-appeal and conclude that no reversible error has been made to appear.
Affirmed.
NOTES
[1] a non-profit corporation