596 So.2d 144 (1992)
Arturo A. MUNDER and 444 Inverrary Corp., Appellants,
v.
CIRCLE ONE CONDOMINIUM, INC., the Circle Villas Condominium Association, Inc., both Florida not-for-profit corporations, and the Circle Property Owners Association, Inc., Appellees.
No. 91-1049.
District Court of Appeal of Florida, Fourth District.
March 18, 1992.
Anthony S. Paetro, Cohen & Paetro, P.A., North Miami Beach, for appellants.
Charles N. Tetunic, Becker & Poliakoff, P.A., Fort Lauderdale, for appellees.
*145 LETTS, Judge.
A condominium developer, in both his corporate and individual capacity, appeals a final judgment rendered in favor of a condominium association by reason of fire damage to the uninsured clubhouse recreation center. We affirm the corporate judgment but reverse the finding of individual liability.
The breach of fiduciary duty upon which the trial judge based the personal liability consisted of the developer's failure to renew a fire insurance policy on the clubhouse.[1] Clearly, the development corporation had the obligation under the association's bylaws to maintain the insurance and pay for it. The developer corporation had not created a board of directors as required under the bylaws and had retained unto itself full control of the association's duties which included the requirement to purchase the insurance. As a consequence, we have no quarrel with the judgment as it pertains to the corporate developer. However, the personal judgment against the president and sole stockholder of that corporation is another matter.
The main body of corporate law is to the effect that directors, officers and stockholders are not liable for corporate acts simply by reason of their official relation to the corporation. See Cottle v. Storer Communication, Inc., 849 F.2d 570 (11th Cir.1988). This insulation from liability is not without exception. Fraud, selfdealing, unjust enrichment and betrayal of trust, may well result in individual liability. See Avila South Condominium Ass'n v. Kappa Corp., 347 So.2d 599 (Fla. 1977). We conclude, however, that the transgression here does not rise to such levels.
The developer corporation simply failed to maintain and pay for the fire insurance. Such a failure though an obvious wrong, was not, without more, sufficient to subject the president/sole stockholder to personal liability absent some basis for piercing the corporate veil. No such basis has been alleged in the case at bar.
Several courts have grappled with similar problems. In Olympian West Condominium Ass'n, Inc. v. Kramer, 427 So.2d 1039 (Fla. 3d DCA), rev. denied, 438 So.2d 833 (Fla. 1983), the Third District held that the corporate developer-builder, serving as a director of the condominium association prior to assumption of control by the unit owners, was not personally liable for construction defects created by himself as the actual builder. Similarly, in Bodin Apparel, Inc. v. Superior Steam Service, Inc., 328 So.2d 533 (Fla. 3d DCA 1976), the officers and board of directors were found not personally liable even though the corporation failed to provide required workers compensation insurance which would have covered an electrocuted employee. On the other hand, we acknowledge conflict with another Third District case, B & J Holding Corporation v. Weiss, 353 So.2d 141 (Fla. 3d DCA 1978), where the initial officers and directors of the developer corporation which built a condominium were held personally liable for failure to make the maintenance payments required by statute on unsold units.[2]
We find no reversible error in the remaining points on appeal.
AFFIRMED IN PART; REVERSED IN PART.
ANSTEAD, J., and FRANK, RICHARD H., Associate Judge, concur.
NOTES
[1] The project was in trouble, the clubhouse unused and unusable. The developer made the monetary decision not to renew the insurance. This is not a case where the premium was overlooked.
[2] Judge Schwartz distinguished Weiss in Kramer, but we are not sure we agree that the distinction should make a difference.