633 So.2d 43 (1994)
Terry TAYLOR, Appellant,
v.
WELLINGTON STATION CONDOMINIUM ASSOCIATION, INC., a not-for-profit Florida corporation, Appellee.
No. 93-930.
District Court of Appeal of Florida, Fifth District.
February 4, 1994.
*44 Daniel J. Webster, P.A., Coble, Woods, Seps, Webster, Clayton & Teal, P.A., Daytona Beach, and Michael S. Teal, Clayton & Teal, P.A., DeLand, for appellant.
James Patrick Curry, Curry, Taylor & Carls, Orlando, for appellee.
COBB, Judge.
The issue on this appeal is whether the trial court properly entered summary judgment in favor of a condominium association, Wellington Station Condominium Association, Inc. (Association) in regard to the liability of the appellant, Terry Taylor (Taylor).
On May 26, 1992, the Association filed a complaint against Taylor alleging breach of fiduciary duty. Taylor served on the Association's board of directors and was listed as an officer of the developer.[1] Taylor was also a twenty-five percent shareholder in the developer.
According to the complaint and motion for summary judgment, Taylor "willfully" breached his fiduciary duty to the Association. Specifically, the Association alleged that Taylor failed: (1) to enforce the obligation of the developer to pay its share of common expenses; (2) to properly allocate Association funds for the use and benefit of the Association; and (3) to properly designate expenses chargeable to the developer. Thus, the Association alleged that Taylor acted solely at the urging of the developer in order to achieve financial gain since he failed to enforce the developer's obligation to deliver to the Association reserve funds in the amount of $39,352.00.
The trial court agreed and entered a partial summary final judgment finding, as a matter of law, that Taylor was liable to the Association for his failure to set aside reserve funds for the condominium as required by law. All other matters alleged in the complaint were deemed to be still at issue, including the amount of damages, attorney's fees, and costs.
In the instant case, we agree that summary judgment was improper. Since the Association's motion and complaint requested a finding that Taylor was liable to the Association for willfully breaching his fiduciary duty, the trial court would necessarily have to make a finding that Taylor acted with intent in order to grant the motion. Thus, the motion should have been denied since willfulness was placed into issue by the Association and the issue is one for the jury. See Parker v. Bryce, 96 So.2d 154 (Fla. 1957).
*45 Additionally, a factual issue existed as to whether Taylor's conduct was sufficient to rise to the level necessary to indicate individual liability. Generally, directors, officers and stockholders are not liable for corporate acts simply by reason of their official relationship to the corporation. Actual wrongdoing in the form of fraud, self-dealing or unjust enrichment would have to be established in order to trigger individual liability. Munder v. Circle One Condominium, Inc., 596 So.2d 144 (Fla. 4th DCA 1992); see also Avila South Condominium Association v. Kappa Corp., 347 So.2d 599 (Fla. 1977). Factually, Taylor was only one of three directors of the Association and was a twenty-five percent minority shareholder in the developer. While there is some evidence of breach of fiduciary duty, i.e., self-dealing, the issue is far from certain given the evidence that Taylor lost his initial investment. What is clear is that Taylor cannot be held individually liable simply because of his status as a director of the Association.
Accordingly, we reverse the partial summary final judgment as to liability and remand for further proceedings.
REVERSED AND REMANDED.
SHARP and DIAMANTIS, JJ., concur.
NOTES
[1] Taylor signed the Articles of Incorporation for the Association and was listed as one of three members of its first board of directors. Taylor reportedly never attended a board meeting or annual membership meeting. On the other hand, there was conflicting evidence as to whether Taylor served as a director of the developer. He was, however, expressly listed in the Shareholders Agreement as a Secretary/Treasurer of the development corporation without day-to-day management duties.