PER CURIAM.
In this consolidated proceeding, two former directors of a condominium association appeal from a final judgment entered pursuant to a jury verdict. For the following reason, we reverse.
Sweetwater Creek Condominium Association shed its former directors for breach of fiduciary duty, alleging certain errors and omissions on the part of defendants. Defendants moved to dismiss the complaint for failure to state a claim, arguing that the damages sought could not in any way have resulted from the defendants’ alleged breach. The trial court denied defendants’ motion to dismiss, as well as their motions for a directed verdict and for judgment notwithstanding the verdict. In so doing, the trial court erred. See Taylor v. Wellington Station Condominium Ass’n., 633 So.2d 43 (Fla. 5th DCA 1994) (officer of developer cannot be held individually liable simply because of status as director of association). But cf. B & J Holding Corp. v. Weiss, 353 So.2d 141 (Fla. 3d DCA 1977) (initial directors could be held liable to association for failing to collect maintenance payments from developer as owner of unsold units).[1]
Reversed.

. The trial court’s entry of a default judgment against Carmen Curbelo does not preclude reversal of the final judgment against her. "Failure to state a cause of action, unlike formal or technical deficiencies, is a fatal pleading deficiency not curable by a default judgment.... A default judgment should be set aside where the complaint on its face fails to state a cause of action.” Becerra v. Equity Imports, Inc., 551 So.2d 486, 488 (Fla. 3d DCA 1989) (citations omitted); see also Ginsberg v. Lennar Florida Holdings, Inc., 645 So.2d 490 (Fla. 3d DCA 1994).