700 So.2d 148 (1997)
Jeffrey PERLOW, et al., Appellants,
v.
Ed GOLDBERG and Marianne Leb, Appellees.
No. 96-2973.
District Court of Appeal of Florida, Third District.
October 15, 1997.
*149 Mark Perlman, Hollywood, for appellants.
Walton Lantaff Schroeder & Carson and G. Bart Billbrough, Miami, for appellees.
Before NESBITT, COPE and FLETCHER, JJ.
NESBITT, Judge.
Jeffrey Perlow, individually and as the trustee for a group of condominium owners, appeals the dismissal with prejudice of the owners' claim seeking personal judgments for breach of fiduciary duty against two directors of the condominium association, Ed Goldberg and Marianne Leb. The alleged breach of fiduciary duty was the directors' failure to properly administer insurance proceeds from Hurricane Andrew. We find that, on the facts alleged here, these directors cannot be held liable in their individual capacity and therefore affirm the order dismissing the claim.
Applicable Florida Statutes indicate that condominium association directors are immune from liability in their individual capacity, absent fraud, criminal activity or self-dealing/unjust enrichment. Florida condominium associations are just one classification of Florida corporations and are governed by several chapters of the Florida Statutes. The Condominium Act, Section 718.111(2), Florida Statutes (1995), provides that "[t]he powers and duties of the [condominium] association include those set forth in this section... and chapters 607 [The Florida Business Corporation Act] and 617 [The Florida Not For Profit Corporation Act] ..." Thus, all three of these Acts control the actions and governance of condominium associations and address the liability of the associations' directors. Each of these three sections requires more than simple negligence before personal liability for monetary damages attaches. See § 617.0834(1), Fla. Stat.(1995);[1] § 607.0831(1), Fla. Stat.(1995);[2] § 718.303(1)(d), Fla. Stat. (1995).[3]
*150 The court below, in dismissing the action against the directors, cited Munder v. Circle One Condominium, Inc., 596 So.2d 144 (Fla. 4th DCA 1992), which expresses the longstanding proposition that condominium association directors are immune from individual liability, absent a crime, fraud, self-dealing or unjust enrichment. In Munder, the developer-director was found to have breached his fiduciary duty by failing to renew fire insurance on the development's clubhouse, yet the fourth district did not hold the director personally liable. The Munder court reasoned, and we agree, that individual directors cannot be held liable for negligent actions even if such actions were clearly wrong. See also Taylor v. Wellington Station Condominium Ass'n, Inc., 633 So.2d 43 (Fla. 5th DCA 1994) (restating the general rule of director immunity from suit; however, holding that there was enough evidence of self-dealing to preclude summary judgment for the directors); Olympian West Condominium Ass'n, Inc. v. Kramer, 427 So.2d 1039 (Fla. 3d DCA 1983) (directors not personally liable for failure to correct construction defects); Bodin Apparel, Inc. v. Superior Steam Service, Inc., 328 So.2d 533 (Fla. 3d DCA 1976) (directors not personally liable in tort action despite failure to provide workers compensation insurance for employee).
In the instant case, we agree with the trial court that, on the facts as alleged by the owners, there was no crime, fraud, or self-dealing committed by these directors, nor were they unjustly enriched. These directors were negligent, at most; they simply failed to properly administrate the insurance funds. There was no allegation in the owners' complaint of criminal activity, fraud, willful misconduct or self-dealing. Therefore, the directors' actions or omissions are not enough to impose personal liability.
The primary case cited by the owners is B & J Holding Corp. v. Weiss, 353 So.2d 141 (Fla. 3d DCA 1977), where the initial directors of a condominium association were held individually liable for failure to collect maintenance payments on unsold units as required by statute. However, we believe that B & J is distinguishable on its facts. The B & J court found that the evidence was sufficient to prove a breach of fiduciary duty. B & J, 353 So.2d at 142. Self-dealing was apparent from the facts, as the developer-directors' deliberate decision not to collect funds from the developer certainly benefited them in their role as developers. Further, we believe that the decisions in Olympian West and Munder better reflect the statutory purpose of chapters 617 and 607, Florida Statutes (1995), which is to shield condominium association directors from individual liability in instances of negligent management. Indeed, it would undoubtedly be difficult to find persons willing to serve on condominium boards of directorswhich generally comprise volunteers from among the condominium ownersif immunity from individual liability in instances of simple negligence was not upheld.
We find that the owners' ancillary claim that the trial court erred in dismissing their claim without leave to amendis without merit. There is no evidence that the owners did, intended to, or could allege facts which would take this case out of the general rule stated herein. See, e.g., Curbelo v. Sweetwater Creek Homeowners Condominium Ass'n, Inc., 653 So.2d 1073 (Fla. 3d DCA 1995), review denied, 662 So.2d 933 (Fla.1995).
Accordingly, the order of dismissal is affirmed.
NOTES
[1] Section 617.0834(1), Florida Statutes (1995), provides, in part:

An officer or director of a nonprofit organization... is not personally liable for monetary damages to any person for any statement, vote, decision, or failure to take an action, regarding organizational management, or policy by an officer or director, unless: (a) the officer or director breached ... his duties ... and (b) the... breach ... constitutes: 1.[a] violation of the criminal law ...; 2.[a] transaction [where the director] derived an improper personal benefit; 3.[r]ecklessness or an act or omission which was committed in bad faith or with malicious purpose.
[2] Section 607.0831(1), Florida Statutes (1995), provides, in part:

A director is not personally liable for monetary damages ... for any statement, vote, decision, or failure to act, regarding corporate management or policy, by a director, unless: (a) the director breached ... his duties ... and (b) the... breach ... constitutes: 1.[a] violation of the criminal law ...; 2.[a] transaction [where the director] derived an improper personal benefit; ... 4.[w]illful misconduct; or 5.[r]ecklessness or an act or omission which was committed in bad faith or with malicious purpose.
[3] Section 718.303(1)(d), Florida Statutes (1995), provides, in part: "Actions for damages ... for failure to comply with these provisions may be brought ... against (d) any director who willfully and knowingly fails to comply with these provisions."