BOARD OF MANAGERS OF WEATHERSFIELD CONDOMINIUM ASSOCIATION *et al.*, Plaintiffs-Appellants, v. SCHAUMBURG LIMITED PARTNERSHIP *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—98—1053

Opinion filed July 16, 1999.—Modified on denial of rehearing September 24, 1999.

616

Bickley, Hart & Gardner, P.C., of Schaumburg (John H. Bickley III, of counsel), for appellants.

Madigan & Getzendanner, of Chicago (Glenn E. Schreiber, of counsel), for appellees.

JUSTICE QUINN delivered the opinion of the court:

Plaintiffs, the board of managers of Weathersfield Condominium Association and Weathersfield Condominium Association, appeal from the trial court's grant of a motion to strike and dismiss plaintiffs' fourth amended complaint pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)) in favor of defendants, Schaumburg Limited Partnership, Inland Real Estate Investment Corporation, La Salle National Bank and Charles Andrea. Plaintiffs contend on appeal that: (1) the trial court erred in holding that plaintiffs' fourth amended complaint failed to set forth sufficient facts to state a cause of action that defendants breached their fiduciary duty to plaintiffs; (2) the trial court erred in finding that the holding in *Maercker Point Villas Condominium Ass'n v. Szymski*, 275 Ill. App. 3d 481, 655 N.E.2d 1192 (1995), and section 22 of the Illinois Condominium Property Act (765 ILCS 605/22 (West 1996)), taken together, would constitute an inequitable and unconstitutional taking of defendants' property; (3) the individual board members owed a fiduciary duty to plaintiffs; (4) plaintiffs adequately pled damages; and (5) plaintiffs' fourth amended complaint sufficiently set forth a cause of action under the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1996)). For the following reasons, we reverse.

On December 29, 1980, the Weathersfield Condominium Association (the Association), an Illinois not-for-profit corporation located in Schaumburg, was established by the recording of a "Declaration of Condominium Ownership and Bylaws, Easements, Restrictions and Covenants" (the Declaration), for the purpose of providing residential condominium units. The property consisted of a 136-unit apartment complex. After the condominium declaration was recorded in 1980, the property continued to be operated as an apartment complex.

At the time the condominium declaration was recorded, legal title to the property was held by defendant La Salle National Bank (La Salle) as trustee for the Association. In 1985, La Salle sold the property in its entirety to defendant Schaumburg Limited Partnership (Schaumburg), an Illinois limited partnership. Defendant Inland Real Estate Investment Corporation (Inland) was the corporate general partner of Schaumburg Limited Partnership. The property continued to be operated as an apartment complex until 1992.

In 1992, Schaumburg and Inland began the marketing and sale of individual condominium units to home buyers. On November 6, 1993, a turnover meeting was held at which control of the Association was transferred from defendants to a board of managers elected from unit ownership.

Plaintiffs filed their original complaint, alleging that, at the time of the turnover, the Association had $26,541.17 in capital reserves. Plaintiffs also alleged that, at the time of turnover, the roofing system required major replacement at a cost exceeding $400,000 and that inadequate maintenance was performed on the roofs and parking lots, which required repairs at a cost of $100,000.

Plaintiffs eventually filed their fourth amended complaint. Counts I, II and III of plaintiffs' complaint, against Inland, Schaumburg and La Salle, respectively, alleged that each defendant owed plaintiffs a fiduciary duty to budget, collect and set aside reasonable reserves for capital expenditures and deferred maintenance for the repair or replacement of common elements, including the roofing system and parking areas, and that each defendant failed to establish reasonable reserves for the replacement of capital improvements.

Counts IV and V, against Perry Poston and Charles Andrea, respectively, alleged that as individual board members, each had a duty to conduct and attend regular board meetings for the purpose of determining the amount of appropriate reserves for the Association and to take into consideration the repair and replacement cost. Plaintiffs also alleged that, as individual board members, Poston and Andrea each failed to establish reasonable reserves for the replacement of capital improvements and failed to perform adequate mainte-

nance on the common areas of the Association, including the roofs and parking areas.

Count VI, against defendants Inland and Schaumburg, alleged that they failed to establish reasonable reserves and failed to inform potential purchasers of the condominium units that the reserves were insufficient in relationship to the remaining useful life of the capital improvements in violation of section 2 of the Consumer Fraud and Deceptive Business Practices Act. 815 ILCS 505/2 (West 1996).

In their motion to dismiss, defendants argued that: (1) plaintiffs' allegations failed to demonstrate that defendants owed a fiduciary duty to plaintiffs, to current unit owners or to the Association; (2) as a matter of law, defendants did not have a duty to assess a particular amount to establish a certain desirable level of reserves; (3) whatever duty defendants may have had under section 9(c)(2) of the Illinois Condominium Property Act commenced only with the initial sale of condominium units to persons other than the developer; (4) the Declaration required only an initial funding of reserves from amounts paid by initial purchasers of units from the developer at closing; and (5) plaintiffs' complaint showed that it would be inequitable to allow current owners or the Association to recover for defendants' alleged failure to accumulate reserves.

Defendants' motion to dismiss further argued that plaintiffs failed to state a cause of action establishing a duty on the part of defendants Schaumburg and Inland to inform purchasers of the alleged insufficiency of reserves to pay for expected repairs or replacements.

Finally, defendants' motion to dismiss also alleged that each count of plaintiffs' complaint failed to allege any injury or damage to plaintiffs.

The trial court granted defendants' motion to strike and dismiss counts I, II, III and VI of plaintiffs' fourth amended complaint. The trial court found that *Maercker* was binding on the court in that defendants owed a fiduciary duty to plaintiffs; however, because plaintiffs did not exercise their right to rescind their contract under section 22 of the Condominium Property Act (765 ILCS 605/22 (West 1996)) relating to disclosures at the time of sale, to allow plaintiffs to assert damages for the former owners' alleged failure to assess and collect reserves for replacements would effect an inequitable and unconstitutional taking of defendants' property. Plaintiffs' timely appeal followed.

■ The standard of review on appeal from a section 2—615 motion to dismiss is whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, sufficiently set forth a cause of action upon which relief may be granted. *Saunders v. Michigan Av-*

*enue National Bank*, 278 Ill. App. 3d 307, 310, 662 N.E.2d 602 (1996). All well-pleaded facts and reasonable inferences that could be drawn from those facts are accepted as true, but not conclusions of law or factual conclusions which are unsupported by allegations of specific facts. *Lagen v. Balcor Co.*, 274 Ill. App. 3d 11, 16, 653 N.E.2d 968 (1995). A complaint should not be dismissed under section 2—615 unless it clearly appears that no set of facts could be proved under the pleadings that would entitle the plaintiff to relief. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 488, 639 N.E.2d 1282 (1994). A ruling on a motion to dismiss does not require a court to weigh facts or determine credibility and therefore we review the complaint *de novo*. *Vernon v. Schuster*, 179 Ill. 2d 338, 344, 688 N.E.2d 1172 (1997).

Plaintiffs initially contend that the trial court erred in dismissing their fourth amended complaint because it sufficiently set forth a cause of action for breach of fiduciary duty. Plaintiffs specifically assert that because defendants La Salle, Schaumburg and Inland operated not only as developers but also as board members, they owed a fiduciary duty to plaintiffs to establish and maintain adequate reserves. Defendants respond that plaintiffs failed to allege any facts that showed that defendants functioned in a capacity other than seller or predecessor owner.

■ The affairs of a condominium association are controlled statutorily by the Condominium Property Act (the Act) (765 ILCS 605/1 *et seq.* (West 1996)). The Act comprehensively regulates the creation and operation of Illinois condominium associations. *Adams v. Meyers*, 250 Ill. App. 3d 477, 488, 620 N.E.2d 1298 (1993). Section 9(a) of the Act outlines the duties of the developer and unit owner regarding the payment of common expenses as follows:

"It shall be the duty of each unit owner to pay his proportionate share of the common expenses. It shall be the duty of the developer to pay a proportionate share of the common expenses for each unit which has not been sold by such developer. The proportionate share shall be in the same ratio as the percentage of ownership in the common elements set forth in the Declaration." 765 ILCS 605/9(a) (West 1992).

Section 2 of the Association bylaws states in pertinent part:

"The board shall establish and maintain a reasonable reserve for contingencies and replacements ***."

Section 2 of the Association bylaws is in accordance with section 9(c)(2) of the Act, which requires in pertinent part:

"All budgets adopted by a board of managers on or after July 1, 1990 shall provide for reasonable reserves for capital expenditures and deferred maintenance for repair or replacement of the common elements ***." 765 ILCS 605/9(c)(2) (West 1992).

Plaintiffs rely on *Maercker Point Villas Condominium Ass'n v. Szymski*, 275 Ill. App. 3d 481, 655 N.E.2d 1192 (1995), to support their contention that a developer owes a fiduciary duty to a condominium association. In *Maercker*, the plaintiff filed suit against the defendant developer for breach of fiduciary duty. The plaintiff contended that the defendant breached his fiduciary duty to the plaintiff by failing to properly fund reserves and pay a proportionate share of expenses during the time the defendant controlled the board of directors. At the time the defendant relinquished control of the board of directors, there was $7,000 in the capital reserve account. The plaintiff contended that this amount left it underfunded for replacement and repair projects. The trial court entered a partial summary judgment, finding that the defendant owed a duty to pay his share of common element costs into the reserve account on those units that the defendant owned and remained unsold. Following a bench trial, the plaintiff was awarded $70,965.56 in damages.

The defendant contended on appeal that the trial court erred in determining that the defendant had a duty to fund the reserve account and that the defendant's duty to fund the reserve account began when the declaration was recorded. The defendant argued that he had a duty to fund reserves only after the effective date of section 9(c)(2), July 1, 1990. This court (second district), rejected this argument, holding that section 9(a) of the Condominium Property Act as well as the historical and practice notes to section 9 demonstrate that the legislature "recognized the importance of reserve funds to a condominium association and the developer's responsibility to provide for these funds by paying an appropriate share of common expenses." *Maercker*, 275 Ill. App. 3d at 485. The court further held that this duty to fund reserves begins when the declaration is recorded, relying on the historical and practice notes to section 9 of the Act. 765 ILCS Ann. 605/9, Historical & Practice Notes, at 45 (Smith-Hurd 1993). *Maercker*, 275 Ill. App. 3d at 486. In spite of defendants' argument to the contrary, this principle is not a novel legal theory only recently imposed on condominium developers. The historical and practice notes make it clear that the Illinois General Assembly intended to require developers to pay their share of common expenses even before the enactment of the 1982 amendment to section 9(a). 765 ILCS Ann. 605/9, Historical & Practice Notes, at 45 (Smith-Hurd 1993).

■ We find *Maercker* analogous to the instant case. Here, plaintiffs' fourth amended complaint alleged that, as board members, defendants knew that from 1980 through November 6, 1993, the capital improvements of the Association, including the roofs and parking areas, were reaching the end of their useful life and by 1993 needed to be replaced

and that defendants failed to maintain adequate reserves for repair of the common areas. Defendants La Salle, Schaumburg and Inland should have known that plaintiffs' obligations could not be met without an adequate contribution of reserve funds.

Defendants argue that this district is not obligated to follow *Maercker*, a second district case, given its "grave deficiencies and incompatibility with other case law and statutory law." We disagree. Although a decision of one appellate court district is not binding on the other appellate court districts within the state (*Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 679 N.E.2d 1224 (1997)), where *Maercker*, a second district case, is the sole decision in the state on the point of law at issue, this district will follow the sound reasoning in *Maercker* and hold that plaintiffs' complaint adequately set forth facts to show that defendants breached a fiduciary duty to maintain adequate reserves.

Plaintiffs further contend that the trial court erred in finding that *Maercker* and section 22 of the Act, when read together, constitute an inequitable and unconstitutional taking of defendants' property. Plaintiffs assert that the trial court's ruling was apparently based on a finding of a conflict between section 9 of the Act discussed in *Maercker* and section 22 of the Act. Defendants respond that because section 22 is the exclusive remedy available for disclosure violations, its enforcement in this case would be inequitable.

■ Section 22(e)(4) of the Act, regarding disclosure requirements before sale, provides in pertinent part:

"Failure on the part of the seller to make full disclosure as required by this Section shall entitle the buyer to rescind the contract for sale at any time before the closing of the contract and to receive a refund of all deposit moneys paid with interest thereon at the rate then in effect for interest on judgments." 765 ILCS 605/22(e)(4) (West 1996).

■ In examining statutory construction, we must give effect to the language and intent of the legislature. *People v. Hicks*, 164 Ill. 2d 218, 222, 647 N.E.2d 257 (1995). To accomplish this goal, the entire statute must be considered, and words used should be given their plain and ordinary meanings. *Hicks*, 164 Ill. 2d at 222. The language of a statute must be viewed as a whole, such that each section of the statute is examined in relation to every other section. *Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 185, 606 N.E.2d 1154 (1992). In considering legislative intent, courts must "presume that the legislature did not intend absurdity, inconvenience or injustice, and select an interpretation of the statute which leads to logical results and avoids that which would be absurd." *People v. Liberman*, 228 Ill. App. 3d 639, 647, 592 N.E.2d 575 (1992).

■ After applying the rules of statutory construction and examining the plain language of the statute, we hold that there is no language in section 22 of the Act to suggest that the legislature intended to impose restrictions on a party's right to bring an action against a developer for failure to maintain adequate reserves. When the legislature has imposed restrictions on a party's right to bring an action, it has done so expressly. See *Gabriel Builders, Inc. v. Westchester Condominium Ass'n*, 268 Ill. App. 3d 1065 (1994) (developer's failure to comply with section 18.2(d) of the Condominium Property Act regarding accounting requirements does not act as a bar to the developer's suit against a condominium association for funds the association owes to the developer). Accordingly, the trial court's order that dismissing plaintiffs' fourth amended complaint and denying relief on the grounds that it would lead to an inequitable taking of defendants' property is erroneous.

■ Plaintiffs next contend that the trial court erred in dismissing counts I through VI of the third amended complaint, which alleged that the individual board members, appointed by the developer, breached their fiduciary duty by failing to establish and maintain adequate reserves. Following the dismissal of plaintiffs' third amended complaint, plaintiffs chose to file a fourth amended complaint in which they alleged that board members Perry Poston and Charles Andrea breached a fiduciary duty to establish and maintain adequate reserves. We address plaintiffs' contentions in relation to their fourth amended complaint.

A fiduciary relationship exists where there is special confidence in one who, in equity and good conscience, is bound to act in good faith with due regard to the interests of the other. *Wolinsky v. Kadison*, 114 Ill. App. 3d 527, 533, 449 N.E.2d 151 (1983). Since association officers and board members owe a fiduciary duty to the members of the association, they must act in a manner reasonably related to the exercise of that duty, and the failure to do so will result in liability not only for the association but also for the individuals themselves. *Wolinsky*, 114 Ill. App. 3d at 533-34. Furthermore, a board's proper exercise of its fiduciary duty requires strict compliance with the condominium declaration and bylaws. *Wolinsky*, 114 Ill. App. 3d at 534.

Plaintiffs' complaint alleges that, as individual board members, Poston and Andrea each failed in their duty to attend regular board meetings for the purpose of determining the appropriate amount of reserves for the Association and to further take into consideration repair and replacement costs for common areas including the roofing system and parking lots. We find that plaintiffs' fourth amended complaint sufficiently set forth a cause of action for breach of fiduciary duty against individual board members Poston and Andrea.

■ Plaintiffs also contend that they adequately pled damages. Defendants maintain that because the Association does not have members other than the owners who make up the Association, any lack of maintenance or underfunding of reserves equates to a corresponding benefit to those unit owners who did not have to pay for the maintenance or reserves.

We hold that plaintiffs have adequately pled damages. Section 9(c)(2) of the Act requires that "[a]ll budgets adopted by a board of managers on or after July 1, 1990 shall provide for *reasonable reserves* for capital expenditures and deferred maintenance for repair and replacement of the common elements." (Emphasis added.) 765 ILCS 605/9(c)(2) (West 1992). Here, at the time of the turnover, there was only $26,541.17 in reserves for the 136-unit condominium complex. Plaintiffs allege in their complaint that the cost of repair and replacement of the roofing system and the parking lot exceeds $500,000. The facts here establish that $26,000 is an unreasonably small amount in relation to the needs of the Association. What constitutes "reasonable reserves" in the instant case should be determined by the trier of fact.

■ Defendants argue that defendants' duty to fund reserves began only after the first unit was sold. The court in *Maercker* held that, pursuant to the historical and practice notes of the Act (765 ILCS Ann. 605/9, Historical & Practice Notes, at 45 (Smith-Hurd 1993)), the duty to fund reserves begins when the declaration was recorded. *Maercker*, 275 Ill. App. 3d at 486. We agree and hold that doing so does not place an undue burden on defendants. Therefore, defendants' duty to fund reserves began in 1980, the year the Declaration was filed.

■ Plaintiffs lastly contend that the complaint states a cause of action under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 1996)). Defendants respond that plaintiffs' allegation that defendants failed to disclose that reserves were not adequate is not actionable unless there is a duty to disclose. Section 2 of the Consumer Fraud Act prohibits:

> "Unfair methods of competition and unfair or deceptive acts or practices, including *** the use or employment of any deception, fraud, *** misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, *** in the conduct of any trade or commerce *** [,] whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2 (West 1996).

■ To state a cause of action under this section, a plaintiff must allege: (1) a deceptive act or practice by defendant; (2) defendant's

intent that plaintiff rely on the deception; and (3) that the deception occurred during trade or commerce. 815 ILCS 505/2 (West 1996); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 501, 675 N.E.2d 584 (1996); *Tudor v. Jewel Food Stores, Inc.*, 288 Ill. App. 3d 207, 209, 681 N.E.2d 6 (1997). Section 2 of the Consumer Fraud Act expands a consumer's rights beyond those of the common law, providing broader protection than does the common law action for fraud. *Zinser v. Rose*, 245 Ill. App. 3d 881, 888, 614 N.E.2d 1259 (1993). As such, a plaintiff need not establish every element of fraud. This court has characterized the concealment of matters relating to water infiltration, prior repairs and other defects in a residential building sufficient to state a cause of action under the Consumer Fraud Act. *Washington Courte Condominium Ass'n-Four v. Washington-Golf Corp.*, 267 Ill. App. 3d 790, 824, 643 N.E.2d 199 (1994).

The Village of Schaumburg Ordinance Number 1837 regulates condominium disclosure requirements. Section 98.30 states in pertinent part:

"(A) The declarant must provide the condominium disclosure statement filed with the village to all existing tenants in a conversion condominium.

(B) The condominium disclosure statement shall disclose fully and accurately the characteristics of the condominium and the units therein and all unusual and material circumstances and features affecting the condominium.

(C) The statement shall include the following:
* * *
(7) A statement of the declarant, based on a report prepared by an independent, licensed, architect or engineer, providing notification that the report is on file with the village and describing the present condition of all structural components and major mechanical systems, and also including the approximate dates of construction, installation, and major repairs, the expected useful life of each item, and, for major mechanical systems, the estimated cost (in current dollars) of replacing each of the same." Village of Schaumburg, Ordinance No. 1837, § 98.30 (eff. March 25, 1980).

We find that plaintiffs have sufficiently alleged a cause of action under the Consumer Fraud Act. As previously addressed, defendants had a fiduciary and statutory duty to maintain adequate reserves and to disclose the status of the reserve account. Count VI of plaintiffs' fourth amended complaint specifically alleges "that the omission and concealment of the lack of adequate reserves as aforesaid was done for the purpose of inducing potential purchasers of condominium units into purchasing said units." Plaintiffs further allege

that the failure to establish adequate reserves was done with the purpose of increasing and maximizing profits for the rental and ultimate sale of the individual condominium units at the expense of and in derogation of the rights of the Association. Defendants argue plaintiffs' reference to the Act's disclosure requirements applies only to conversion condominiums. However, we note that conversion occurs when apartment units become condominium units. Here, although the Association's Declaration was filed in 1980, the units were not marketed and sold as condominium units until 1992. In light of the 1980 condominium declaration and section 9(c)(2) of the Act's requirement that reasonable reserves be provided and the disclosure requirements imposed by section 98.30 of the Schaumburg ordinance, we find that plaintiffs' allegations set forth the necessary elements of fraud under the Consumer Fraud Act.

Based on the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CAMPBELL, P.J., and ZWICK, J., concur.