879 So.2d 25 (2004)
SONNY BOY, L.L.C., Appellant,
v.
Bhagwan ASNANI, et al, Appellees.
No. 5D03-59.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
Rehearing Denied August 5, 2004.
*26 Chris A. Draper of Becker & Poliakoff, P.A., Maitland, for Appellant.
Robert E. Kramer, Ormond Beach, for Appellee, Bhagwan Asnani.
Bruce A. Hochstetler, Daytona Beach, for Appellee, Ken Lovell.
Louis Ossinsky, Jr. of Ossinsky and Krol, P.A., Daytona Beach, for Appellee, Lenny Mallero.
PETERSON, J.
Sonny Boy, L.L.C., ("Sonny Boy"), appeals the trial court's order denying its ore tenus motion to amend the complaint and granting motions for judgment on the pleadings filed by Bhagwan Asnani, ("Asnani"), Ken Lovell, ("Lovell"), and Lenny Mallaro, ("Mallaro"), (collectively "Appellees"), as well as an order denying Sonny Boy's motion for rehearing.
Sonny Boy filed a complaint against the Appellees seeking personal liability for breach of fiduciary duty as members of the board of directors of Fountain Beach Condominium Association. Sonny Boy alleges that the Appellees failed to cause the condominium association to maintain and repair specifically alleged items of common elements and that failure caused Sonny Boy to suffer damages from the loss of use *27 and rental income of units owned by Sonny Boy in the condominium. The complaint alleges that Asnani was a director designated by the condominium developer but does not allege that the others were appointed in that manner, although Sonny Boy asserts this in its brief. Sonny Boy also asserts that because Asnani, as developer, designated both himself and Lovell as directors under section 718.303(1)(c), they are held to a stricter standard for any wrongful acts than elected directors under section 718.303(1)(d) which requires that the wrongful acts also be willful and knowing.
Section 718.303(1), Florida Statutes (2002), provides in part:
(1) Each unit owner, each tenant and other invitee, and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws and the provisions thereof shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
* * *
(c) Directors designated by the developer, for actions taken by them prior to the time control of the association is assumed by unit owners other than the developer.
(d) Any director who willfully and knowingly fails to comply with these provisions.
The statute is deficient in that it provides no guidance, standard or reason for distinguishing in section 718.303(1)(c) and section 718.303(1)(d) between directors who are "designated by the developer" and "any director." If a higher standard was intended to apply to directors designated by the developer, that standard was not included in the statute. Courts have not directly addressed the distinction between the two sections, but have established the standards to follow when presented with the issue of director liability. Florida cases discussed below focus on section 718.303(1)(d) and allow us to conclude that Florida courts have adopted the "Business Judgment Rule" when faced with determining whether a director, whether or not designated by the developer, has breached a fiduciary duty in maintaining, repairing or replacing association property. The "rule" suggests that the decisions of directors will not be questioned unless there is a showing of fraud, self-dealing, dishonesty or incompetency.
It is well established in Florida that absent fraud, self-dealing and betrayal of trust, directors of condominium associations are not personally liable for the decisions they make in their capacity as directors of condominium associations. See, e.g., Perlow v. Goldberg, 700 So.2d 148 (Fla. 3d DCA 1997) (finding directors of condominium associations not individually liable for actions and governance of condominium association); Taylor v. Wellington Station Condominium Association, Inc., 633 So.2d 43 (Fla. 5th DCA 1994) (finding that in general, corporate directors and officers cannot be personally liable for corporate acts absent actual wrongdoing in the form of fraud, self-dealing or unjust enrichment to trigger individual liability); Munder v. Circle One Condominium, Inc., 596 So.2d 144 (Fla. 4th DCA 1992) (reversing lower court's finding of individual liability by condominium developer). Similarly, section 617.0834(1), Florida Statutes *28 (2002)[1] and section 607.0831(1), Florida Statutes (2002)[2] provide insulation for condominium association directors from liability in their individual capacities absent fraud, criminal activity, self-dealing, or unjust enrichment. Perlow, 700 So.2d at 149.
Sonny Boy alternatively contends that the trial court abused its discretion by denying its ore tenus motion to amend the complaint and in entering a judgment on the pleadings. This court's standard for reviewing a lower court's ruling on a motion to amend a complaint is an abuse of discretion. E.g., Video Independent Medical Examination, Inc. v. City of Weston, 792 So.2d 680, 681 (Fla. 4th DCA 2001). "[R]efusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile." *29 Id. (quoting Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993)). At the hearing on the matter, Sonny Boy requested that the court grant it leave to amend the complaint to allege that the actions of Appellees were willful. However, Sonny Boy never requested leave to amend the complaint to state allegations of fraud, self-dealing or unjust enrichment. The complaint likewise only alleged failure to conduct maintenance and repairs, allegations which are not indicative of fraud, self-dealing or unjust enrichment. Unless a basis for fraud, self-dealing or unjust enrichment existed the Appellees could not be held personally liable and amending the complaint to simply allege willfulness would not cure the deficiency. Perlow, 700 So.2d at 150 (holding that owner's claim that trial court erred in dismissing complaint without leave to amend is without merit because there was no evidence the owners did, intended to, or could allege facts which would take this case out of the general rule that directors are immune from individual liability absent fraud, criminal activity, self-dealing or unjust enrichment). Accordingly, the trial court did not abuse its discretion in entering a judgment on the pleadings.
We affirm the judgment.
TORPY, J., concurs.
SHARP, W., J., dissents, with opinion.
SHARP, W., J., dissenting.
I disagree that Sonny Boy failed to state a cause of action against Asnani because the complaint filed against him alleged he was the developer of the condominium, and that he appointed himself as the president of the Fountain Beach Condominium Association. In that capacity, the complaint alleged Asnani breached his statutory,[1] as well as fiduciary duties owed to the Association and unit owners by failing to repair, and maintain an extensive list of equipment and parts of the common elements, after full knowledge of the repair and maintenance problems. Because section 718.303(1)(c), as discussed below, does not require proof that developer-appointed directors' malfeasances be willful or knowing in order to establish personal liability, the trial court erred in dismissing the complaint against Asnani for failure to state a cause of action.
I also disagree that Sonny Boy's complaint against Mallaro and Lovell should have been dismissed without an opportunity to amend, to add the words "willful and knowing." The allegations against them were identical to those against Asnani, except there were no allegations that they were developer-appointed directors. Thus, pursuant to section 718.303(1)(d), Sonny Boy would have to establish that their misconduct rose to a higher level than Asnani's, equivalent to willful and knowing omissions to repair and maintain the common elements of the condominium.
Failure to include the words "willful and knowing" was the basis for the trial court's dismissal of all three counts. The court also refused Sonny Boy's motion to amend the pleadings to include those words because it was "too late"the case had been pending for over two years. Normally, the trial judge should be accorded broad discretion in such matters.[2]
*30 However, in this case, a prior judge had previously ruled that the "willful and knowing" language was not required, thus explaining why the amendment had not been undertaken earlier. Further, the allegations that Lovell and Mallaro knew about the maintenance and repair problems and took no steps to remedy them, and counsel for Sonny Boy's representations to the court that after having conducted discovery in the case he could, in good faith, allege and prove that heightened misconduct on their parts, makes the dismissal in favor of these two defendants inequitable, in my view.
The essence of Sonny Boy's complaint against all three defendants was that although they had been notified of a long list of serious equipment failures and lack of repairs to the condominium common elements, they, as well as the Association, took no steps to fulfill their statutory duties to maintain and repair. This caused Sonny Boy damages because it was unable to rent the units it owned in the condominium and it suffered loss of income. Sonny Boy also sought injunctive relief against the Association to require it to make the repairs and undertake the required maintenance. Later in the proceedings, the plaintiff dropped the Association as a party to this action.

I. Asnani
Asnani was alleged to be a developer-appointed director, and the developer of the condominium, and to have acted or failed to act in that capacity. There is a difference between the standard of conduct imposed on elected directors of owner-controlled condominium associations, in order to escape personal liability than that imposed on developer-appointed directors of the association before control of the association has been turned over to the owners. Section 718.303(1) creates the difference. It provides:
(1) Each unit owner, each tenant and other invitee and each association shall be governed by, and shall comply with the provisions of this chapter, the declaration, the documents creating the association and the association bylaws and the provisions thereof shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunctive relief or both for failure to comply with these provisions may be brought by the association by a unit owner against:
(a) The association;
(b) A unit owner;
(c) Directors designated by the developer for actions taken by them prior to the time control of the association is assumed by unit owners other than the developer;

(d) Any director who willfully and knowingly fails to comply with these provisions. (emphasis supplied)
These provisions have been part of Florida's condominium statute since 1976. See 718.303(1), Fla. Stat. (Supp.1976); Fla. Laws § .1, ch 76-222. They continued unchanged following the extensive legislative revisions of 1990 and 1991. A related provision was added in 1984 to section 718.301(5) not directly applicable in this case, but which is consistent with holding developer-appointed directors to a higher standard of care. It provides:
If during the period prior to the time that the developer relinquishes control of the association pursuant to subsection (4), if any provision of the Condominium Act or any rule promulgated thereunder is violated by the association, the developer is responsible for such violation and is subject to the administrative action provided in this chapter for such violation or violations and is liable for such violation or violations to third parties. *31 The subsection is intended to clarify existing law.
The Uniform Condominium Act, as well as other states' condominium laws, reflects similar provisions, although not identical to Florida's, imposing a different standard of care for association directors' personal liability, depending on whether or not they are elected by the unit owners, or appointed by the developer, and holding the later to a higher standard.[3] Section 3-103 of the Uniform Act provides:
On performance of their duties, the officers and members of the executive board are required to exercise (i) if appointed by the declarant, the care required of fiduciaries of the unit owners, and (ii) if elected by the unit owners, ordinary and reasonable care.
The Comment to this provision explains:
Higher standards for appointed board members is imposed because the board is vested with great power over the property interests of unit owners and great potential for conflicts of interest exist between owners and developers.
On the other hand, elected directors, after control of the association has shifted to the unit owners, have much less potential for experiencing a conflict of interest with other unit owners or the association. And if held to a high standard of fiduciary care and exposed to potential personal liability, it would be difficult to find anyone willing to serve as an association director or officer.[4]
In B & J Holding Corp. v. Weiss, 353 So.2d 141 (Fla. 3d DCA 1977), the court imposed personal liability on the director-appointed officers and directors of the condominium association, using tort principles rather than chapter 711, the condominium statute then in effect. These defendants were the first director-appointed officers and directors of the association. It was established that they failed to assess the developer-owned units the maintenance fees due the association. They were held accountable to the association for breach of their fiduciary duties. Some of the pleadings and motions in this case indicate similar accusations may lie against Asnani for failure to pay maintenance fees to the association for developer-owned units.
A similar issue was posed in Oceancrest Condo. Apartments, Inc. v. Donner, 504 So.2d 447 (Fla. 4th DCA 1987). The court held that allegations that the developer-appointed directors of the association violated the condominium statutes and breached their fiduciary duties, by failing to collect assessments on the condominium units owned by the developer, stated a cause of action against them personally, under tort theory as well as chapter 718. The court stated that the developer-appointed directors had acted contrary to the interests of the association in failing to collect the fees, thereby benefitting either themselves or the entity that appointed them. It described this conduct as "willful" and a breach of the director's fiduciary duties.
The majority opinion in this case concludes that although there is a different provision in section 718.303(1), which deals with developer-appointed directors' personal liability for acts or omissions prior to turning control of the association to the unit owners, than the one for elected directors after turn over, no higher standard can be imposed on developer-appointed directors because the statute fails to say *32 what standard is intended. If that were the Legislature's intent, then two paragraphs should not have been needed. Section (d) requiring "willfully and knowingly" is all that is required.
In my view, two different standards were intended and clearly imposed by these provisions. The standard of conduct to which developer-appointed directors are intended to the held is the same as the other entities in section 718.303(1), for which no special standard is set forth in the statute either; the association, the unit owner and the tenant. Breach of a requirement of the condominium statute, or the condominium documents, or breach of a fiduciary duty should suffice to establish personal liability. See Garcia v. Crescent Plaza Condominium Ass'n, Inc., 813 So.2d 975 (Fla. 2d DCA 2002) (endorsing the "business judgment rule" for condominium associations).
In Board of Managers of the Fairways at North Hills Condo. v. Fairway at North Hills, 193 A.D.2d 322, 603 N.Y.S.2d 867 (1993), the court answered the questions posed by this case as one of "first impressions," in that state. It held that sponsor appointed board members (director-appointed) owe fiduciary duties to unit owners. It defined that duty as one to perform their duties "in good faith and with that degree of care which an ordinary prudent person in a like position would use under similar circumstances." 603 N.Y.S.2d at 869. The court reasoned that the first board of directors is often synonymous with the sponsor (developer) and is linked with the sponsors' legitimate pursuit of lawful profits. Thus it assumes a dual role. As a consequence, the court said a condominium's first board of managers is subject to a high standard of care to ensure its members do not gear their decisions to benefit the sponsor at the expense of the association or its members. See also Board of Managers of Weathersfield Condo. Ass'n v. Schaumburg Ltd. Partnership. 307 Ill.App.3d 614, 240 Ill.Dec. 336, 717 N.E.2d 429 (1999).

II. Mallero and LovellWillful and Knowing Standard.
There are many cases in Florida cited by the majority opinion in this case, which have taken an even more restrictive view of condominium association director personal liability than is suggested by the language in section 718.303(1). Willful and knowing is not enough. I do not understand how the courts took that track. Appellees rely on Munder v. Circle One Condo., Inc., 596 So.2d 144 (Fla. 4th DCA 1992) and Perlow v. Goldberg, 700 So.2d 148 (Fla. 3d DCA 1997).
Munder did not involve a suit against a director of a condominium association. There was no condominium association or director in existence at the time the alleged transgression took place. Rather, in Munder, the condominium association sued the developer of the condominium for acts it took prior to creating the association. The developer was a corporation and the condominium sought to sue not only the developer-corporation, but its president as well, seeking individual liability. The court held that the developer-corporation was liable for failure to renew a fire insurance policy on the condominium clubhouse. But it held there was no personal liability for the officer of the developer-corporation unless something more than officer status was established, such as fraud, self-dealing, unjust enrichment, betrayal of trust, or some basis to "pierce the corporate veil." Clearly section 718.303(1) was not involved, nor was it mentioned.
Perlow dealt with (apparently) owner-elected condominium association board membersnot director-appointed ones, for acts taken prior to turn over of control of the association to the unit owners. As described by Judge Nesbitt, the transgressions *33 alleged in that case were negligent acts at mostthe failure to properly administer insurance proceeds after hurricane Andrew. I agree with the result in that case, based on the language of section 718.303(1)(d). However, the court went far beyond what was necessary to resolve the personal liability issue by declaring that chapter 607 and chapter 617, which deal with corporations in general, control the issue of condominium association director liability.
Both section 617.0834(1) and section 607.0831(1) limit personal liability of directors of non-profit and for profit corporations to misdeeds arising to the level of criminal law violations, deriving personal benefits, reckless acts, and acts committed in bad faith or with a malicious purpose. To construe those provisions as part of the condominium statute, chapter 718, construction of the statutes, in essence, writes out the "willfully and knowingly" language in section 718.303(1)(d), and the higher fiduciary language implied in section 718.303(1)(c). Taking this view deprives both provisions of section 718.303(1) of any impact, because the general corporation statutes require a plaintiff establish a great deal more than "willfully and knowingly" in order to impose personal liability for directors whether or not they are developer-appointed or elected by unit owners.
In my view, this is an erroneous construction. The provisions of the Florida Condominium Act should control the issue of personal liability for condominium association directors. The condominium entity, however ancient,[5] is purely a creature of statute.[6] The specific statute governing and creating condominiums in Florida should control a more general statute.[7] Further, section 718, 111(2), relied upon in Perlow provides in full:
The powers and duties of the association include those set forth in this section and, except as expressly limited or restricted in this chapter, include those set forth in the declaration and bylaws and chapters 607 and 617 as applicable. (emphasis supplied)
This section applies to associations, not directors. And, it provides chapter 718 controls condominium associations, where in conflict with chapters 607 and 617. Section 718.303(1) is in conflict with section 617.0834(1) and 607.0831(1).
Nor do the other cases cited by appellees in this case appear to me as controlling in the decision of this case. With regard to personal liability of director, Avila South Condo. Ass'n, Inc. v. Kappa Corp., 347 So.2d 599 (Fla.1977), held that a director guilty of self-dealing may be held liable to the association for the amount by which he or she was unjustly enriched. Olympian West Condominium Ass'n, Inc. v. Kramer, 427 So.2d 1039 (Fla. 3d DCA 1983) held that developer-appointed directors are not personally liable to the association for the existence or failure to correct construction defects in the building caused by the developer. It states (rather *34 tersely) that no breach of common law, statutory or contractual duty on the part of the directors had been alleged. In this case, a statutory duty to maintain and repair the common elements has been allegedly breached.
In Taylor v. Wellington Station Condo. Ass'n, Inc., 633 So.2d 43 (Fla. 5th DCA 1994), this court touched on some of the issues in this case. There, the condominium association sued a member of the board of directors personally. The defendant served on the first board of directors appointed by the developer and he owned a 25% interest in the developer-corporation. There were allegations that the defendant "willfully" breached his fiduciary duty owed the association by failing to enforce the obligation of the developer to pay its share of common expenses, to allocate association funds for the benefit of the association, and to designate expenses chargeable to the developer. In sum, the plaintiff association contended the director had acted solely in the interest of the developer and contrary to his fiduciary duties owed the association. The trial court entered a partial summary final judgment for the association, holding the defendant director liable for failing to set aside reserve funds for the condominium, as required by the condominium law.
That was the part of the case which was appealed. The other issues remained for trial. This court reversed the summary judgment because we thought there was an issue of fact as to the element of willfulness, which should be resolved by the jury. We did not address the different standard of care imposed by section 718.303(1) on developer-appointed directors in the initial stage of the condominium's development as opposed to elected directors. Possibly the statute was not called to our attention.
We also said by way of dictum in Taylor, that factual issues existed as to whether or not the defendant director's conduct was sufficient to rise to the level necessary to permit personal director liability, citing Munder and Avila South Condo Ass'n v. Kappa. In making that statement, I now think we erred. See B & J Holding Corp. v. Weiss; Oceancrest Condo v. Donner. In Taylor, we concluded that a defendant director could not be held individually liable simply because of his status as a director of the association. With that no one could disagree.
However, based on the controlling statute, section 718.303(1), I think personal liability for a developer-appointed director for action taken or not taken before control of the association is turned over to the unit owners, can be based on less than willful and knowing acts, which may include failure to comply with the condominium statute, and/or the condominium documents, or a violation of the good business rule test, and/or breach of a fiduciary duty which favors the developer over the association. For elected directors of associations, personal liability should be premised on malfeasances which parallel director-appointed directors, only if the actions or inactions are willful and knowing.
NOTES
[1] Section 617.0834(1), Florida Statutes (2002), provides in part:

(1) An officer or director of a nonprofit organization ... is not personally liable for monetary damages to any person for any statement, vote, decision, or failure to take an action, regarding organizational management or policy by an officer or director, unless:
(a) The officer or director breached or failed to perform his or her duties as an officer or director; and
(b) The officer's or director's breach of, or failure to perform, his or her duties constitutes:
1. A violation of the criminal law, unless the officer or director had reasonable cause to believe his or her conduct was lawful or had no reasonable cause to believe his or her conduct was unlawful. A judgment or other final adjudication against an officer or director in any criminal proceeding for violation of the criminal law estops that officer or director from contesting the fact that his or her breach, or failure to perform, constitutes a violation of the criminal law, but does not estop the officer or director from establishing that he or she had reasonable cause to believe that his or her conduct was lawful or had no reasonable cause to believe that his or her conduct was unlawful;
2. A transaction from which the officer or director derived an improper personal benefit, either directly or indirectly; or
3. Recklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
[2] Section 607.0831(1), Florida Statutes (2002), provides in part:

(1) A director is not personally liable for monetary damages to the corporation or any other person for any statement, vote, decision, or failure to act, regarding corporate management or policy, by a director, unless:
(a) The director breached or failed to perform his or her duties as a director; and
(b) The director's breach of, or failure to perform, those duties constitutes:
1. A violation of the criminal law, unless the director had reasonable cause to believe his or her conduct was lawful or had no reasonable cause to believe his or her conduct was unlawful. A judgment or other final adjudication against a director in any criminal proceeding for a violation of the criminal law estops that director from contesting the fact that his or her breach, or failure to perform, constitutes a violation of the criminal law; but does not estop the director from establishing that he or she had reasonable cause to believe that his or her conduct was lawful or had no reasonable cause to believe that his or her conduct was unlawful;
2. A transaction from which the director derived an improper personal benefit, either directly or indirectly;
* * *
4. In a proceeding by or in the right of the corporation to procure a judgment in its favor or by or in the right of a shareholder, conscious disregard for the best interest of the corporation, or willful misconduct; or
5. In a proceeding by or in the right of someone other than the corporation or a shareholder, recklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
[1] See §§ 718.111(1)(a); 718.113(1), Fla. Stat.
[2] See Matthews v. Chaffee, 849 So.2d 483 (Fla. 2d DCA 2003) (absent findings of willful noncompliance, court abuses its discretion in dismissing with prejudice); Gamma Dev. Corp. v. Steinberg, 621 So.2d 718, 719 (Fla. 4th DCA 1993) (abuse of discretion to dismiss complaint unless it appears privilege to amend has been abused or that complaint is clearly unamendable).
[3] Poliakoff, The Law of Condominium Operations (1998); §§ 2:05; 2:12 R.I. Gen Laws §§ 34-36.1-3.03(a)(1), (2); W.Va.Code § 36B-3-103(a).
[4] Poliakoff, The Law of Condominium Operations (1998); § 2:01.
[5] Some say it goes back to Roman times and the Napoleonic Code. Mark F. Grant, Howard D. Cohen & Manuel R. Valcarcel, IV, Ocean Trail Unit Owners Ass'n, Inc. v. Mead: Democracy or TyrannyThe Supreme Court of Florida Properly Finds In Favor of Condominium Board, 20 Nova L.Rev. 513, 514, 530 n. 1 (Fall 1995).
[6] 10 Fla. Jur.2d Condominiums and Cooperative Apartments § 2.
[7] See Palm Beach County v. Harris, 772 So.2d 1273 (Fla.2000); Gretz v. Florida Unemployment Appeals Comm., 572 So.2d 1384, 1386 (Fla.1991); J.M. v. Dept. Children & Families, 833 So.2d 279 (Fla. 5th DCA 2002); T.S. v. Clemons, 770 So.2d 197 (Fla. 2d DCA 2000); C.S. v. S.H., 671 So.2d 260, 268 (Fla. 4th DCA 1996).