766 So.2d 1245 (2000)
TURKEY CREEK MASTER OWNERS ASSOCIATION, INC., a Florida corporation, Appellant,
v.
Bice HOPE, Forest Hope, Norwood Hope, Turkey Creek, Inc., and Family Diner, Inc., Appellees.
No. 1D99-588.
District Court of Appeal of Florida, First District.
September 25, 2000.
*1246 Ernest A. Sellers, Jr., of Sellers & Prevatt, Live Oak, for Appellant.
Michael W. Jones of Michael W. Jones, P.A., and A. Bice Hope, Gainesville, for Appellees.
PER CURIAM.
This appeal arises from an action by the Turkey Creek Master Homeowners' Association, Inc. ("Turkey Creek") against its former developer and directors. The claim alleged breach of fiduciary duty, conversion, breach of contract, and an accounting. In connection with this action, the trial court entered a final order pursuant to section 607.0850(9), Florida Statutes, requiring Turkey Creek to pay the defendants' attorney fees, in the amount of $22,500. Turkey Creek appeals this order. We agree that the trial court erred in determining that the defendants were entitled to the payment of their fees and expenses under the statute and we therefore reverse.
Section 607.0850(9), Florida Statutes (1993) provides that the trial court may order a corporate plaintiff to indemnify the defendant for fees and expenses in an action by the corporation against one or more of its directors or employees. However, the subsection of the statute under which the award in the instant case was made specifically states that such an award is only appropriate when the defendant or defendants are "fairly and reasonably entitled to indemnification or advancement of expenses, or both, in view of all the relevant circumstances." § 697.0850(9)(c) (emphasis added). Turkey Creek maintains that the defendants are not reasonably entitled to payment of expenses, since the nature of the allegations against them indicates that they have done financial harm to the company. While we disagree with the argument that the trial court should have denied indemnification based solely on the allegations, we hold that there was an insufficient basis for the trial court to conclude that the defendants were fairly and reasonably entitled to the payment of their expenses by Turkey Creek under the statute.
The parties agreed at oral argument that the trial court granted the defendants' motion based solely on the pleadings and statute. However, the statute requires the trial court to consider "all the relevant circumstances" in determining whether the defendants are fairly and reasonably entitled to indemnification by the corporation. Because the basis for the trial court's ruling is not set forth in the order appealed, we are unable to determine whether the trial court considered the relevant circumstances as required by statute.
Based on the foregoing, we reverse the award and remand for the trial court to *1247 consider the relevant circumstances. If the defendants are fairly and reasonably entitled to payment of their expenses by the corporation, under the circumstances of this cases, then the court may again enter such an order for indemnification. If not, however, no expenses can be awarded under the statute.
We note that section 607.0850 is more likely to be applied when corporate employee or director is sued by a third party in relation to the actions of the employee or director as a corporate agent. In such a case, the corporate employer may be required to indemnify the agent for the expenses of his or her defense. However, the statute also provides for indemnification in a case such as this one where a corporation has sued its own agent. In this situation, the corporation faces the possibility of being required to pay the legal fees and expenses of the very party it is suing, and it is therefore especially important to determine whether the circumstances justify a finding that the agent is reasonably entitled to indemnification for attorney's fees.
Reversed and Remanded.
JOANOS, PADOVANO and BROWNING, JJ., CONCUR.