MAY, J.
A property owner appeals a final summary judgment for the property owner’s association in .-a suit to recover litigation expenses pursuant to the association bylaws. He argues the trial court erred in concluding that a prior decision in a related case controlled the outcome of this case and that he lacked standing to seek indemnity as a director, pursuant to chapter. 617, Florida Statutes (2000). We affirm.
*880 The property owner filed a Third Amended Complaint against the developer and the property owner’s association in 1996, seeking equitable and legal relief. After numerous appeals, one count of the complaint remained viable.
The property owner then filed a declaratory action against Federal Insurance Company, the association’s insurer, to determine whether his litigation expenses “were a covered loss” under the policy. After a two-day trial, the court determined the property owner had acted “in his capacity as an individual and member owner,” not as a director, in the underlying litigation. As a result, he was not entitled to coverage under the policy. We affirmed that judgment. Hill v. Fed. Ins.Co., 833 So.2d 147 (Fla. 4th DCA 2002).
In the present case, the property owner sought to recover his litigation expenses, this time pursuant to the association’s bylaws. The bylaws provide:
Every Director and every officer of the Association shall be indemnified by the Association against any and all expenses and liabilities, including counsel fees, reasonably incurred by or imposed upon him/her in connection with any proceeding or any settlement of any proceeding to which he/she may be a party or in which he/she may become involved by reason of his/her being or having been a Director or officer at the time such expenses are incurred. ...
The association argued the trial court’s finding in Federal Insurance that the property owner acted in his individual rather than his director capacity collaterally estopped him from relitigating the issue in the present case. The court held it would be illogical and inconsistent to now decide the property owner acted in his capacity as a director when the court previously decided he acted as property owner and member. Therefore, the court granted the association’s motion for summary judgment.
Both sides argue there are no genuine issues of fact and we agree. Our review is therefore limited to whether the court erred in granting summary judgment as a matter of law.
The doctrine of collateral estop-pel resolves the legal issue. Under that doctrine, a party is estopped from relit-igating an issue he has previously had a full opportunity to litigate. S.E. Fid. Insurance Co. v. Rice, 515 So.2d 240 (Fla. 4th DCA 1987).
In cases involving the relationship of indemnitor and indemnitee, liability of more than one party is dependent upon identical issues. In such situations, when the complaining party has a full opportunity to litigate those issues against one of the parties, and has obtained a favorable judgment, he is not permitted to relitigate the same issues in a new action against the other party. He has had his day in court on the issues, and against the party of his choosing who was closely related to the other party. Under the doctrine of collateral estoppel, he is precluded from relitigating the same issues.
Billman v. Nova Prods., Inc., 328 So.2d 244, 246 (Fla. 1st DCA 1976).
We acknowledge that the bylaws are a different document than the insurance policy reviewed in Federal Insurance. However, the dispositive issue, the capacity in which the property owner acted in the underlying litigation, is the same. Here, the trial court determined in Federal Insurance that the property owner had initiated the underlying litigation as an owner/member, not as a director of the association. The property owner had a full and fair opportunity to litigate that factual issue, he lost, and this court af *881 firmed. Federal Insurance, 833 So.2d at 147. He is therefore precluded from relit-igating the same issue in this case.
The trial court correctly entered summary judgment for the association. AFFIRMED.
POLEN, J., and BERNSTEIN, SCOTT, Associate Judge, concur.