942 So.2d 1030 (2006)
Wesley T. O'BRIEN, Appellant,
v.
PRECISION RESPONSE CORPORATION, Appellee.
No. 4D05-4350.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
Robert J. Hunt and Debra D. Klingsberg of Hunt & Gross, P.A., Boca Raton, and Mark S. Gregory of Kelley, Drye & Warren, LLP, Stamford, CT, for appellant.
Alan G. Greer and Eric M. Sodhi of Richman, Greer, Weil, Brumbaugh, Mirabito & Christensen, P.A., Miami, for appellee.
KRATHEN, DAVID H., Associate Judge.
Wesley O'Brien appeals an order denying his indemnification claim for attorneys fees in defending himself in corporate arbitration and instead granting the motion of his corporation, Precision Response Corporation (PRC) for summary judgment denying such fees. In Appelbaum v. Fayerman, 937 So.2d 282 (Fla. 4th DCA 2006), this court held that an arbitrator lacks authority to award attorneys fees unless the party has expressly waived the right to have a court determine such fees. 937 So.2d at 283-84. Appelbaum followed the supreme court's decision to that effect in *1032 Turnberry Associates v. Service Station Aid Inc., 651 So.2d 1173, 1175 (Fla.1995). Thus when an indemnification agreement and statute provide for the recovery of attorneys fees in favor of a corporate officer who has successfully defended a claim on the merits or otherwise, we now hold that attorneys fees should be awarded by the court unless the officer has expressly waived that right. Finding no such express waiver in this case, we reverse.
O'Brien's claim arose from events after PRC entered into an agreement to acquire Avultus, Inc., from New River Holding Limited Partnership. O'Brien was then the chief operating officer of PRC and also a disclosed shareholder in Avultus at the time. After realizing that it may have bought a "pig in a poke,"[1] New River pursued an arbitration claim for release of some escrowed funds. PRC disputed the claim, and alleged its own contract and tort claims, including fraud, against New River and O'Brien. O'Brien then sought declaratory relief that his conduct giving rise to the termination was proper. Before Arbitration, the parties stipulated to an "Agreement and Order Regarding Hearing Procedures" (submission agreement) providing as follows:

Attorneys' Fees/Prejudgment Interest: All issues of attorneys' fees and costs, including entitlement and amount, and issues of prejudgment interest shall be reserved for determination after the conclusion of these evidentiary hearings and the award of the Panel. The parties consent to the continuing jurisdiction of the Panel for this purpose.
PRC contends that this agreement constitutes O'Brien's waiver of court determination of his claim to indemnification attorneys fees.
In the Arbitration, O'Brien sought relief from PRC for breach of indemnification agreement and on the basis of section 607.0850, Florida Statutes, for the advancement of expenses. Before the arbitration hearing, O'Brien filed a motion in the trial court for a partial summary judgment that PRC was required to advance him attorneys' fees and expenses for his defense in the forthcoming arbitration proceeding. He cited the following provision from his indemnification agreement with PRC:
"Mandatory Payment of Expenses: Notwithstanding any other provision of this Agreement other than Section 10 hereof, to the extent that Indemnitee has been successful on the merits or otherwise, including, without limitation, the dismissal of an action without prejudice, in defense of any Claim, Indemnitee shall be indemnified against all expenses incurred by Indemnitee in connection therewith."
O'Brien also cited and relied on section 607.0850(3), governing the indemnification of officers, directors, employees, and agents in Florida:
"To the extent that a director, officer, employee, or agent of a corporation has been successful on the merits or otherwise in defense of any proceeding referred to in subsection (1) or subsection (2), or in defense of any claim, issue, or matter therein, he or she shall be indemnified against expenses actually and reasonably incurred by him or her in connection therewith."
§ 607.0850(3), Fla. Stat. (2005). At the hearing on his motion in the trial court, his *1033 counsel hypothesized that: "this isn't the final word. . . . After adjudication by the panel . . . let's say it goes against Mr. O'Brien and it's determined that he wasn't entitled to have his legal fees paid, he's got to repay it. . . ."
The trial court denied O'Brien's motion. Thereafter, the arbitrator found against PRC on its claims against O'Brien. The arbitrator also found that O'Brien should not recover on his claims against PRC, that he was not entitled to a declaration that his conduct in the merger was proper. The arbitrator held that there was no prevailing party in the arbitration proceeding. Appellant argues that by any definition, PRC lost on its claims against O'Brien and came away without any recovery from O'Brien. Simply put, he is right.
Because the Arbitration panel indisputably held that the claims of PRC against O'Brien had failed, O'Brien was successful on the merits "or otherwise" as to all legal theories asserted against him by PRC. The arbitrator's decision to the effect that O'Brien was not a prevailing party in the arbitration[2] clearly has no effect as to O'Brien's contractual and statutory claim for indemnification attorneys feesthat as a corporate officer he is entitled to be indemnified for expenses actually and reasonably incurred in connection with his official duties in the PRC arbitration. When an officer successfully defends on the merits "or otherwise" the officer is statutorily entitled to have a court award indemnification attorneys fees unless he has expressly waived that entitlement to a judicial determination. The language of the arbitration submission agreement is insufficient to constitute such an express waiver because it is reasonably susceptible to differing interpretations.
We therefore vacate the trial court's final orders denying O'Brien's claim for indemnification attorneys fees in connection with the arbitration. On remand the trial court shall determine the amount of fees and expenses.
Reversed and remanded with instructions.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] Enshrined in British commercial law as "caveat emptor." In his Common-place Book (1858) R. Hilles reprints the phrase from a source dated 1530, which gave this advice to market traders: "When ye proffer the pigge open the poke." See: www.phrases. org. uk/meanings/282900. html.
[2] One's statutory and contractual right to a judicial determination of an entitlement to be indemnified with attorneys fees is not dependent upon an arbitrator finding one party or the other is a "prevailing party."