GERBER, J.
 

 Appellants challenge a trial court order dismissing with prejudice their action for indemnification. We affirm because appellants cannot state such a cause of action under the circumstances of this case.
 

 Appellee, La Costa Beach Resort Condominium Association, Inc., operates a residential time share complex. Appellants, Donald Wendt, Kenny Wendt, and Clarke Warne, are former directors of the association. The association sued the directors for breach of fiduciary duty for allegedly misappropriating time share weeks for their own. benefit. A jury found that the directors breached their fiduciary duties and that the association’s damages were $275,000. On the directors’ counterclaim, the jury found that the association breached an implied contract with the directors and that the directors’ damages, collectively, were $57,000. The directors filed a motion for new trial, which the trial court granted.
 

 The directors then filed a separate complaint against the association, seeking contractual and statutory indemnification for having to incur attorney’s fees and costs to defend the association’s suit. The directors based their contractual indemnification claim upon the association’s bylaws at article XII, entitled “Indemnifications”:
 

 The Association shall indemnify every Director ... against all loss, cost and expense reasonably incurred by him in connection with any action, suit or proceeding to which he may be made a party by reason of his being or having been a Director ... of the Association, except as to matters wherein he shall be finally adjudged in such action, suit or proceeding, to be liable for or guilty of gross negligence or willful misconduct ....
 

 The directors based their statutory indemnification claim upon various provisions of section 607.0850, Florida Statutes (2007), entitled “Indemnification of officers, directors, employees, and agents.” That statute allows a director to request a court to order a corporation to indemnify a director if the director reasonably incurs expenses, including counsel fees, in connection with any proceeding by reason of having been a director. According to subsection (1), the director must show that he or she acted in good faith and in a manner the director reasonably believed to be in, or not opposed to, the best interests of the corporation. Subsection (7) provides that the director shall not be entitled to indemnification if the director violated a criminal law, derived an improper personal benefit, or engaged in willful misconduct or a conscious disregard for the best interests of the corporation in certain proceedings.
 
 *1181
 
 Subsection (9)(c), however, states that a court may order indemnification if the court determines that the director is fairly and reasonably entitled to indemnification in view of all the relevant circumstances, regardless of whether such person met the standard of conduct set forth in subsections (1) or (7).
 

 The association filed a motion to dismiss the directors’ indemnification action, arguing that the complaint failed to state a cause of action for either contractual or statutory indemnification, and that the directors were required to have filed those claims as compulsory counterclaims in the original lawsuit. In a brief order, the trial court agreed with the association’s arguments and dismissed the directors’ action with prejudice. The directors appeal that order to this court.
 

 Our review is
 
 de novo. See Wallace v. Dean,
 
 3 So.3d 1035, 1045 (Fla.2009) (“We review
 
 de novo
 
 the dismissal of a complaint for failure to state a cause of action.”);
 
 Whigum v. Heilig-Meyers Furniture, Inc.,
 
 682 So.2d 643, 646 (Fla. 1st DCA 1996) (a trial court’s characterization of an action as a compulsory counterclaim presents a pure issue of law which must be resolved by the
 
 de novo
 
 standard of review). “In reviewing an order granting a motion to dismiss, this court’s gaze is limited to the four corners of the complaint.”
 
 Goodall v. Whispering Woods Ctr., L.L.C.,
 
 990 So.2d 695, 697 (Fla. 4th DCA 2008). “The reviewing court ‘must accept the allegations of the complaint as true, but do[es] not defer to the trial court’s conclusions regarding the sufficiency of the allegations.’ ”
 
 Jimenez v. Cmty. Asphalt Corp.,
 
 968 So.2d 668, 670 (Fla. 4th DCA 2007) (citation omitted). “In other words, a ‘dismissal should be granted only when it has conclusively been demonstrated that plaintiff can prove no set of facts whatsoever in support of the cause of action.’ ”
 
 Id.
 
 (citation omitted).
 

 The directors cannot state an action for indemnification under the circumstances of this case. “Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the
 
 ivhole
 
 fault is in the one against whom indemnity is sought.”
 
 Houdaille Indus., Inc. v. Edwards,
 
 374 So.2d 490, 492-93 (Fla.1979). “It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter’s wrongdoing for which the former is held liable.”
 
 Id.
 
 at 493. “Stated differently, an indemnity right exists when one is left open to liability due to the wrongful acts of another.”
 
 Time Ins. Co. v. Neumann,
 
 634 So.2d 726, 729 (Fla. 4th DCA 1994). The classic example of an indemnity action is when a party held vicariously liable to a third person seeks recovery from another party whose action caused the damage.
 
 Safecare Med. Ctr. v. Howard,
 
 670 So.2d 1020, 1022 (Fla. 4th DCA 1996).
 

 Here, the directors have not alleged that they have discharged a duty which the association should have discharged, that they have been left open to liability due to the association’s wrongful acts, or that they have been held vicariously liable to a third person and seek recovery from the association whose action caused the damage. Rather, the directors, wholly ignoring the definition of “indemnity,” have sought to transform the remaining language in bylaws article XII and section 607.0850 into a vehicle for recovering their attorney’s fees and costs if they become the prevailing party in the association’s
 
 *1182
 
 suit for breach of fiduciary duty. The trial court correctly dismissed the directors’ attempt to engraft that interpretation upon the bylaws and the statute.
 

 The trial court’s decision is consistent with prior decisions of this court and our supreme court.
 
 See Century Vill., Inc. v. Chatham Condo. Ass’ns,
 
 387 So.2d 523, 524 (Fla. 4th DCA 1980) (“It is quite obvious that the indemnification clause was not intended to apply to actions between the lessor and lessees, but rather to claims of third parties against the lessor.”);
 
 Penthouse N. Ass’n v. Lombardi
 
 461 So.2d 1350, 1352-53 (Fla.1984) (“The fact that this is an action for breach of fiduciary duty and unjust enrichment further convinces us that the lessors indemnification argument must fail.”);
 
 Old Port Cove Prop. Owners Ass’n v. Ecclestone,
 
 500 So.2d 331, 336 (Fla. 4th DCA 1986) (“We are convinced that the reasoning of
 
 Penthouse
 
 and
 
 Century Village
 
 applies to the facts of this case.”).
 

 The directors argue that two cases from this court recognize a right to indemnification in actions between a corporation and its directors. Those cases do not stand for that proposition.
 
 See O’Brien v. Precision Response Corp.,
 
 942 So.2d 1030, 1032-33 (Fla. 4th DCA 2006) (pursuant to section 607.0850, trial court should have awarded attorney’s fees from corporation to chief operating officer who successfully defended claims
 
 which third party asserted against
 
 him);
 
 Hill v. Palm Beach Polo & Country Club Prop. Owners Ass’n,
 
 885 So.2d 879, 880-81 (Fla. 4th DCA 2004) (collateral estoppel precluded property owner from bringing action against property owners’ association to recover litigation expenses pursuant to association’s bylaws).
 

 In reaching today’s decision, we certify conflict with the First District’s opinion in
 
 Turkey Creek Master Owners Ass’n v. Hope,
 
 766 So.2d 1245 (Fla. 1st DCA 2000), which states:
 

 We note that section 607.0850 is more likely to be applied when [a] corporate employee or director is sued by a third party in relation to the actions of the employee or director as a corporate agent. In such a case, the corporate employer may be required to indemnify the agent for the expenses of his or her defense.
 
 However, the statute also provides for indemnification in a case such as this one ivhere a corporation has sued its own agent.
 
 In this situation, the corporation faces the possibility of being required to pay the legal fees and expenses of the very party it is suing, and it is therefore especially important to determine whether the circumstances justify a finding that the agent is reasonably entitled to indemnification for attorney’s fees.
 

 Id.
 
 at 1247 (emphasis added).
 

 The directors contend that they should have been afforded an opportunity to amend their complaint to allege additional facts to support their cause of action. Because any attempt to amend the complaint to state the requisite allegations for an indemnification action would be futile, the trial court properly entered the dismissal with prejudice.
 
 See Fields v. Klein,
 
 946 So.2d 119, 121 (Fla. 4th DCA 2007) (“Leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.”).
 

 Because the trial court rightly found that the directors’ complaint for contractual and statutory indemnification did not state a cause of action, it is not necessary for this court to address the trial court’s alternative ruling that the directors were required to have filed those claims as com
 
 *1183
 
 pulsory counterclaims in the original lawsuit.
 

 Affirmed.
 

 FARMER and HAZOURI, JJ., concur.