STEVENSON, J.
 

 Stephen and Marjorie Raphael timely appeal a final order dismissing their amended complaint against the individual members of the Beach Point Condominium Association’s Board of Directors. We find the factual allegations contained in the amended complaint are insufficient to rise to the level of self-dealing required to overcome the individual directors’ statutory immunity and affirm the dismissal. However, we remand the matter to afford the Raphaels an opportunity to file a second amended complaint, alleging additional ultimate facts.
 

 Beach Point is a condominium project comprised of three buildings. The north and south buildings sit perpendicular to the ocean, and the west building, wherein the Raphaels own a unit, sits between them, facing the water. Originally, privacy dividers with a basket-weave design separated the balconies of the units. During the summer of 2006, the board installed new transparent dividers. When the board refused to permit the Raphaels to modify their dividers to restore their privacy, they filed a complaint against the association and the individual members of the board, alleging a breach of fiduciary responsibility to the Raphaels as unit owners and seeking damages arising out of the Raphaels’ inability to sell their unit and its diminution in value.
 

 The individual directors filed a motion to dismiss, citing sections 607.0881(1) and 617.0834(1), Florida Statutes, which provide that condominium association directors are immune from liability in their individual capacity absent fraud, criminal activity, or self-dealing/unjust enrichment. In response, the Raphaels amended their complaint, adding that “[t]he individual Defendants derived an impermissible personal benefit from their decision to allow this unauthorized material alteration to the common elements, as they improved their indirect ocean view from their respective units, which had previously been obstructed by the privacy dividers as originally constructed.” The individual directors again moved for dismissal and the trial court dismissed the action against them. This court reviews an order granting a motion to dismiss de novo.
 
 Wendt v. La Costa Beach Resort Condo. Ass’n,
 
 14 So.3d 1179, 1181 (Fla. 4th DCA 2009) (citing
 
 Wallace v. Dean,
 
 3 So.3d 1035, 1045 (Fla.2009);
 
 Whigum v. Heilig-Meyers Furniture, Inc.,
 
 682 So.2d 643, 646 (Fla. 1st DCA 1996)).
 

 
 *839
 
 Derivation of an improper “personal benefit” is an exception to the individual directors’ usual immunity.
 
 See
 
 §§ 607.0831(l)(b)2., and 617.0834(l)(b)2., Fla. Stat. (2008). But, Florida courts have consistently interpreted the statutory term “personal benefit” as requiring some form of “self-dealing” on the part of the director before individual liability may be imposed.
 
 See Sonny Boy, L.L.C. v. Asnani,
 
 879 So.2d 25, 27 (Fla. 5th DCA 2004) (“It is well established in Florida that absent fraud,
 
 self-dealing
 
 and betrayal of trust, directors of condominium associations are not personally liable for the decisions they make in their capacity as directors of condominium associations.”) (emphasis added);
 
 Perlow v. Goldberg,
 
 700 So.2d 148, 150 (Fla. 3d DCA 1997) (affirming dismissal of complaint against individual directors of condominium association where “[t]here was no allegation in the owners’ complaint of criminal activity, fraud, willful misconduct or
 
 self-dealing
 
 ”) (emphasis added).
 
 Compare B & J Holding Corp. v. Weiss,
 
 353 So.2d 141, 143 (Fla. 3d DCA 1977) (finding the evidence sufficient to hold condominium association’s initial directors personally liable where the directors’ deliberate decision to forego collection of funds from the developer benefitted them in their separate role as developers). Here, the alleged “personal benefit” was derived simply because the directors owned units within the condominium project and were thereby also able to enjoy the alterations or improvements to the common areas. Accordingly, we find the Raphaels’ bare assertion that the individual directors derived a “personal benefit” unsupported by any proper allegation of ultimate fact that establishes self-dealing.
 
 See
 
 Fla. R. Civ. P. 1.110(b).
 
 [1]
 

 Based on the allegations, as they stand, we affirm the dismissal but reverse the portion of the order stating it was with prejudice.
 

 Affirmed in part; reversed in part; and remanded.
 

 POLEN and GERBER, JJ., concur.
 

 [1]
 

 . This rule provides, in part:
 

 A pleading which sets forth a claim for relief ... must state a cause of action and shall contain ... a short and plain statement of the ultimate facts showing that the pleader is entitled to relief....