CIKLIN, J.
 

 In this case, the trial court ordered a new trial based solely on (1) a purportedly illegal Mary Carter agreement entered into before the trial;
 
 [1]
 
 (2) a finding by the trial court that the defendants’ attorney “grossly impaired” a proper defense amounting to fundamental error; and (3) jury confusion caused by an erroneous jury instruction that led to a verdict that was inconsistent with Florida law.
 

 As to the first issue, we find that the pretrial settlement agreement involving the plaintiff below and one of the defendants did not constitute a Mary Carter agreement and thus a new trial is not warranted on this ground. With respect to the second issue, appellate counsel from both sides stipulated at oral argument that this issue did not provide a basis for a new
 
 *305
 
 trial. We agree and therefore do not address it. As to the third issue, we find the issue unpreserved as neither side objected to the jury instruction in question or verdict form. Nonetheless, the legal error can and should be corrected by the trial court. Accordingly, we reverse the trial court’s order granting a new trial, but remand with instructions to remedy the error related to joint and several liability by entering a corrected final judgment.
 

 Facts
 

 On July 14, 2003, La Costa Beach Club Resort Condominium Association, Inc. (“La Costa”) filed a one count complaint against Alphonso Carioti, Nicholas Carioti, Jr., Donald Wendt, Ingeborg Wendt, Kenneth Wendt, and Clark Warne. The complaint sought damages for breach of fiduciary duty which, it was alleged, resulted in the misappropriation of La Costa’s property and business opportunities. La Costa is a timeshare organization of seventy-seven residential apartment owners in a Pompano Beach, Florida complex. Each apartment is registered as a separate condominium unit and rented on a fifty-one week schedule with the fifty-second week set aside for annual maintenance. The named defendants were officers, directors, or managing agents of La Costa. The complaint alleged that the defendants breached their fiduciary duties between 1998 and 2001 by, among other things, appropriating, for their own use and benefit, rental income received for the units at La Costa.
 

 In response to the complaint, Donald Wendt, Ingeborg Wendt, Kenny Wendt, and Clark Warne (together “defendants”), filed an answer, affirmative defenses, and counterclaim plus a crossclaim and third party complaint. In their counterclaim, the defendants alleged: breach of implied contract (count I); libel and slander (count II); fraudulent inducement (count III); and made a demand for an accounting (count IV). In the crossclaim and third party complaint, the defendants sought civil damages for conspiracy and forgery against Alphonso Carioti, Mareille Garber (a notary public), and Atlantic Bonding Company, Inc.
 
 [2]
 

 After a two week trial, the jury returned a verdict with interrogatories finding: 1) the defendants Donald Wendt, Clarke Warne, and Kenny Wendt breached their fiduciary duties owed to La Costa and were liable to La Costa for $275,000 in damages, but were not jointly and severally liable; 2) La Costa breached an implied contract with and must pay damages to Donald Wendt in the amount of $25,000, Clarke Warne in the amount of $16,000, and Kenny Wendt in the amount of $16,000; 3) La Costa did not commit slander and libel against Donald Wendt, Clarke Warne, or Kenny Wendt; 4) Alphonso Carioti did not forge, or cause to be forged, the signatures of Donald Wendt or Kenny Wendt on specific documents; 5) third party defendant, Mareille Garber, did not falsely notarize the forged signatures of Donald Wendt or Kenny Wendt.
 

 After a series of motions, the convoluted nature of which is not relevant to our analysis and holding, the trial court entered a July 25, 2008 order. In this order, the trial judge ordered a new trial and vacated any judgments that had been previously entered upon the jury verdict. As its reasons for granting a new trial, the court found:
 

 1. A pretrial settlement agreement entered into between defendant, Al
 
 *306
 
 phonso Carioti and La Costa amounted to a proscribed Mary Carter agreement;
 

 2. The attorney for defendants, Donald Wendt, Clark Warne and Kenneth Wendt “grossly impaired the presentation of a cohesive and meaningful defense ... and
 

 3. Erroneous jury instructions led to jury' confusion and a verdict inconsistent with Florida law.
 

 La Costa appealed the July 25, 2008 order. While we recognize that a trial judge has broad and considerable discretion in ordering a new trial, such power is not limitless. An examination of the record in this case reveals that no support exists for the lower court’s order and, as such, we are compelled to find a clear abuse of discretion.
 
 [3]
 

 Mary Carter Agreement
 

 The pretrial settlement agreement between Alphonso Carioti and La Costa stated that “Alphonso Carioti shall make himself available for the trial of this case of all issues and parties not resolved herein.” The agreement also indicated that La Cos-ta “shall dismiss its complaint” against Alphonso Carioti with prejudice and “shall execute a general release” in his favor, and Alphonso Carioti will be jointly and severally liable with Nicholas Carioti for $15,000.00 to be paid to La Costa for “full and complete satisfaction of all claims asserted by Plaintiff against Alphonso.” Finally, “[t]he terms of this agreement shall remain confidential and shall not be disclosed absent court order.”
 

 The trial court found this stipulated settlement to be a prohibited Mary Carter agreement.
 

 In
 
 Dosdourian v. Carsten,
 
 624 So.2d 241, 247-48 (Fla.1993), the Florida Supreme Court declared “that all Mary Carter agreements entered into after the date of this opinion are void as against public policy.” A Mary Carter agreement has been described as:
 

 a contract by which one co-defendant secretly agrees with the plaintiff that, if such defendant will proceed to defend himself in court, his own maximum liability will be diminished proportionately by increasing the liability of the other co-defendants. Secrecy is the essence of such an arrangement, because the court or jury as trier of the facts, if apprised of this, would likely weigh differently the testimony and conduct of the signing defendant as related to the non-signing defendants. By painting a gruesome testimonial picture of the other defendant’s misconduct or, in some cases, by admissions against himself and the other defendants, he could diminish or eliminate his own liability by use of the secret “Mary Carter Agreement.” (emphasis added).
 

 Ward v. Ochoa,
 
 284 So.2d 385, 387 (Fla.1973),
 
 abrogated by Dosdourian,
 
 624 So.2d at 247-48. The court in
 
 Dosdourian
 
 also specifically prohibited “any agreement which requires the settling defendant to remain in the litigation, regardless of whether there is a specified financial incentive to do so.” 624 So.2d at 246;
 
 see also Saleeby v. Rocky Elson Const., Inc.,
 
 3 So.3d 1078, 1084 (Fla.2009) (“In the case on review, the settling defendant was dismissed from the case and did not continue to participate
 
 as a defendant
 
 in the case. None of the concerns of fraud and unethical conduct propagated by Mary Carter Agreements are present here.”). The
 
 *307
 
 agreement found to be prohibited in
 
 Dosdourian
 
 involved a settlement agreement with one of the defendants where that defendant had to pay a sum of money and was required to remain in the lawsuit. The entire agreement remained secret from the jury throughout the trial. 624 So.2d at 242.
 

 While the agreement did not provide that Alphonso Carioti could diminish his own liability by staying in the litigation, it did require Alphonso to remain in the litigation; it settled claims between Alphonso and La Costa; and it was to be kept secret — all elements of an illegal Mary Carter agreement. However, there are several facts, clearly supported by the record, that distinguish this agreement from an illegal Mary Carter agreement.
 

 While the actual terms of the settlement agreement between La Costa and Alphonso Carioti were secret, the fact that there was a settlement between La Costa' and Alphonso Carioti was never hidden before or during the trial.
 
 See Gulf Indus., Inc. v. Nair,
 
 953 So.2d 590, 595 (Fla. 4th DCA 2007)
 
 (citing Monti v. Wenkert,
 
 No. X03CV984022301, 2006 WL 3908564, *14 (Conn.Super.Ct.2006) (“If the true alignment of the codefendants is apparent to the parties, the court and the jury, introduction of the agreement to the jury is unnecessary because there is no prejudice to be avoided.”));
 
 Ward,
 
 284 So.2d at 387 (“Secrecy is the essence of such an arrangement, because the court or jury as trier of the facts, if apprised of this, would likely weigh differently the testimony and conduct of the signing defendant as related to the non-signing defendants.”).
 

 Before trial, a letter was sent to the attorney for Donald Wendt, Kenneth Wendt, and Clark Warne indicating that a settlement agreement between La Costa and Alphonso Carioti was executed on May 19, 2006, during mediation. In an affidavit, Donald Wendt stated that he attended the mediation conference on May 19, 2006 and was made aware by the mediator and Alphonso Carioti that Alphonso Carioti had settled with La Costa, although the details of the agreement were not revealed. In a joint pretrial stipulation, it was noted that “Alfonso [sic] Carioti and Nicholas Carioti have been released in this matter because they have executed affidavits indicating that the [sic] have no assets subject to execution in the event of a judgment in this matter.” At trial, Alphonso Carioti was questioned about his settlement with La Costa. He testified that “I am not a defendant in this case now. It was settled,” although he remained a cross-defendant. In closing arguments, the defendants’ attorney explained that the “plaintiff has dropped the case against Alphonso Carioti.” Alphonso Carioti’s attorney argued during closing argument that “[t]here is only one case against Alphonso Carioti, one case and one case only. And that is D. Wendt and Mr. Warne suing Alphonso Carioti ... Alphonso Carioti is no longer being sued by La Costa. He settled with them.” And in rebuttal argument, La Costa’s attorney said that they “settled out Alphonso Carioti, and the reason we settled with him was because he was broke.”
 

 It was made known to the jury through testimony, argument, and jury instructions that Alphonso Carioti only remained in the lawsuit as a cross-defendant to Donald Wendt, Clarke Warne, and Kenny Wendt’s crossclaim. The actual agreement did not require Alphonso Carioti’s trial participation, only that he make himself “available.” There was no substantive change in Alphonso Carioti’s testimony between his pretrial deposition and the testimony he offered at trial.
 

 The settlement agreement between Alphonso Carioti and La Costa was simply not a Mary Carter agreement.
 

 
 *308
 
 Erroneous Jury Instruction/Inconsistent Verdict
 

 In its order granting a new trial, the lower court held:
 

 The court also finds the instructions submitted (and approved) by the parties appear to have confused the jury. Indeed, the instruction relating to joint and several liability may have been erroneous. Accordingly, the jury’s verdict on assessing individual liability appears ambiguous or inconsistent with law. A verdict must be consistent with the instructions, which themselves must be correct.... Moreover, the verdict (at least on the individual liability issue) failed to comport with substantial competent evidence in the record.
 

 A problem concerning this issue centers around preservation: the parties faded to object to the proposed jury instruction in question. However, the trial court had, and still possesses, the ability to correct the legal error without affecting the other findings properly made by the jury.
 

 The trial court gave the jurors the following erroneous instruction:
 

 If you find that defendants acted in concert then you shall find that each defendant is responsible for the entire consequence of his acts, even where that defendant caused only a part of economic damages or where an individual defendant’s act, if it had occurred alone, might not have caused the result.
 

 But if you find by the greater weight of the evidence that the defendants did not act in concert or where an individual defendant’s act, if it had occurred alone, was not a cause of the result, then you shall find that each defendant is responsible only for a part of the economic damages caused by that defendant.
 

 This instruction inaccurately stated the law, and the jury should not have been charged on the issue of joint and several liability.
 

 “The enactment of section 768.81, Florida Statutes, represented a policy shift in the State of Florida from joint and several liability that resulted in a single recovery for the plaintiff to the apportionment of fault.”
 
 Gouty v. Schnepel,
 
 795 So.2d 959, 961 (Fla.2001). This statute, however, makes an exception for actions based upon an intentional tort.
 
 See Barton Protective Servs., Inc. v. Faber,
 
 745 So.2d 968, 975 (Fla. 4th DCA 1999); § 768.81(4)(b), Fla. Stat. (2003). Breaches of fiduciary duty are intentional torts and that is precisely the nature of the allegations against the three defendants in this case.
 
 Halkey-Roberts Corp. v. Mackal,
 
 641 So.2d 445, 447 (Fla. 2d DCA 1994).
 

 In addition, the cause of action alleged in this case specifically calls for joint and several liability, as indicated in section 721.13(l)(b)2., Fla. Stat. (2003):
 

 During any period of time in which such association has entered into a contract with a manager or management firm to provide some or all of the management services to the timeshare plan, both the board of administration and the manager or management firm shall be considered the managing entity of the timeshare plan and shall be jointly and severally responsible for the faithful discharge of the duties of the managing entity.
 

 Simply stated, the defendants were jointly and severally liable and thus, the jury instructions were inconsistent with Florida law.
 

 Unfortunately, the verdict form submitted to the jury compounded the erroneous jury instruction problem. By a yes or no interrogatory, the verdict form asked the jury to determine whether the defendants Donald Wendt, Clarke Warne, and Kenny Wendt were jointly and severally hable
 
 *309
 
 when they breached their fiduciary duties owed to La Costa. Based on the erroneous instruction and verdict form given to them, the jury found — again, contrary to Florida law — that the defendants were not jointly and severally liable for the $275,000 verdict.
 
 [4]
 

 While confusing or misleading jury instructions may sometimes warrant a new trial, the error in this case can be easily corrected. We therefore reverse the order granting a new trial and remand the case for entry of a final judgment in the amount of $275,000 for which the three defendants are jointly and severally liable to La Costa with each defendant receiving a set-off of the following amounts: $25,000 to Donald Wendt, $16,000 to Clarke Warne, and $16,000 to Kenny Wendt.
 

 Reversed and remanded, with instructions.
 

 GROSS, C.J., and MAY, J., concur.
 

 [1]
 

 . “A Mary Carter agreement is an agreement entered into between a plaintiff and one or more but not all defendants which typically has the following features: (A) secrecy; (B) the agreeing defendants remain as party defendants in the lawsuit; (C) the agreeing defendants’ liability is decreased in direct proportion to the nonagreeing defendants' increase in liability; (D) the agreeing defendant guarantees to the plaintiff a certain amount of money if plaintiff does not receive a judgment against any of the defendants or if the judgment is less than a specified sum.”
 
 Frier's, Inc. v. Seaboard Coastline R. Co.,
 
 355 So.2d 208, 210 (Fla. 1st DCA 1978).
 

 [2]
 

 . Throughout the litigation, various amended pleadings were filed, the specific description of which is not pertinent to this appeal.
 

 [3]
 

 . The granting of a new trial based upon the discretionary power of the trial judge is so firm that we should not disturb it except upon a clear showing of abuse.
 
 See Castlewood Int'l Corp. v. LaFleur,
 
 322 So.2d 520, 522 (Fla.1975).
 

 [4]
 

 . Interestingly, the verdict form was further inconsistent with the erroneous jury instructions given to the jury in that while the jury was given the option of finding that the defendants were not jointly or severally liable, the jury was not given a verdict interrogatory to expressly designate the proportion of fault attributable to each defendant.