PER CURIAM.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Wendt v. La Costa Beach Resort Condominium Ass’n, 14 So.3d 1179 (Fla. 4th DCA 2009). The Fourth District certified that its decision is in direct conflict with the decision of the First District Court of Appeal in Turkey Creek Master Owners Ass’n v. Hope, 766 So.2d 1245 (Fla. 1st DCA 2000).[1] At issue is whether section 607.0850, Florida Statutes,[2] authorizes indemnification of corporate directors in actions brought against the directors by the corporation itself. We conclude that section 607.0850 provides for indemnification in cases in which a corporation has sued its own director. Accordingly, we quash the decision of the Fourth District in Wendt, which held the contrary.
I. BACKGROUND
Donald Wendt, Kenneth Wendt, and Clarke Warne were directors of La Costa Beach Club Resort Condominium Association, Inc. (La Costa), a timeshare condominium in Pompano Beach.[3] In July 2003, La Costa brought a suit against these directors for breach of fiduciary duty. After the verdict, the directors moved for a new trial and brought a separate indemnification action, pursuant to section 607.0850, against La Costa for expenses incurred in defending La Costa’s suit. The trial court dismissed the directors’ indemnification action with prejudice on various grounds.
On appeal of the dismissal of the indemnification action, the Fourth District affirmed the trial court, holding that
[t]he directors cannot state an action for indemnification under the circumstances of this case. “Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought.” Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 492-93 (Fla.1979)....
Here, the directors have not alleged that they have discharged a duty which [La Costa] should have discharged, that they have been left open to liability due to [La Costa]’s wrongful acts, or that they have been held vicariously hable to a third person and seek recovery from *1230 the association whose action caused the damage. Rather, the directors, wholly ignoring the definition of “indemnity,” have sought to transform the remaining language in bylaws article XII and section 607.0850 into a vehicle for recovering their attorney’s fees and costs if they become the prevailing party in [La Cos-tal’s suit for breach of fiduciary duty. The trial court correctly dismissed the directors’ attempt to engraft that interpretation upon the bylaws and the statute.
Wendt, 14 So.3d at 1181-82 (emphasis omitted). The Fourth District therefore held that, because there is no statutory right to indemnification in actions between a corporation and its own directors, the directors did not state a cause of action. At the same time, the Fourth District certified conflict with the decision of the First District in Turkey Creek, 766 So.2d at 1247, which stated that section 607.0850 provides for indemnification in cases in which a corporation has sued its own agent.
II. ANALYSIS
Indemnity is generally defined as the “duty to make good any loss, damage, or liability incurred by another” or “[t]he right of an injured party to claim reimbursement for its loss, damage, or liability from a person who has such a duty.” Black’s Law Dictionary 837 (9th ed. 2009). Section 607.0850, Florida Statutes, is Florida’s corporate indemnification statute, setting forth the conditions under which corporate directors, officers, employees, and agents are entitled to indemnification. “A corporation shall have power to indemnify any person, who was or is a party to any proceeding by or in the right of the corporation to procure a judgment in its favor by reason of the fact that the person is or was a director, officer, employee, or agent of the corporation or is or was serving at the request of the corporation as a director, officer, employee, or agent of another [entity]-” § 607.0850(2), Fla. Stat.; cf. § 607.0850(1), Fla. Stat. (“A corporation shall have power to indemnify any person who was or is a party to any proceeding (other than an action by, or in the right of, the corporation), by reason of the fact that he or she is or was a director, officer, employee, or agent of the corporation or is or was serving at the request of the corporation as a director, officer, employee, or agent of another [entity].... ”). The plain language of section 607.0850 does not prevent indemnification of directors when the underlying proceeding is between the corporation and its directors.
The district courts applying section 607.0850 have routinely held that the statute provides for indemnification when the underlying lawsuit is between the corporation and its director, officer, employee, or agent. See O’Brien v. Precision Response Corp., 942 So.2d 1030 (Fla. 4th DCA 2006) (holding that a corporate officer successfully defending claims brought against him by the corporation is statutorily entitled to seek indemnification for attorneys fees under section 607.0850); Turkey Creek, 766 So.2d at 1247 (“However, [section 607.0850] also provides for indemnification in a case such as this one where a corporation has sued its own agent.”); Nat’l Portland Cement Co. v. Goudie, 718 So.2d 274 (Fla. 2d DCA 1998) (affirming an indemnification award under section 607.0850 to a corporate officer who successfully sued his former corporation for wrongful termination and defended against the corporation’s counterclaim for tortious conduct); Myakka Valley Ranches Improvement Ass’n v. Bieschke, 610 So.2d 3 (Fla. 2d DCA 1992) (trial court did not abuse its discretion awarding fees and costs under the predecessor to section 607.0850 to former directors for their underlying suit to *1231 review an association’s corporate books); Alternative Dev., Inc. v. St. Lucie Club & Apartment Homes Condo. Ass’n, 608 So.2d 822 (Fla. 4th DCA 1992) (when officers had prevailed in claims brought against them by their corporation, remanding cause to trial court for determination of whether the standards of conduct in section 607.0850(7) precluded indemnification).[4]
Furthermore, throughout section 607.0850, the Legislature sets forth various restrictions on when indemnification is proper. See § 607.0850(1)-(9), Fla. Stat. For example, the person seeking indemnification must have “acted in good faith and in a manner he or she reasonably believed to be in, or not opposed to, the best interests of the corporation and, with respect to any criminal action or proceeding, had no reasonable cause to believe his or her conduct was unlawful,” and mandatory indemnification under the statute occurs only “[t]o the extent that a director, officer, employee, or agent of a corporation has been successful on the merits or otherwise.” § 607.0850(1), (3), Fla. Stat.; see also § 607.0850(7)(a)-(d), Fla. Stat. (prohibiting indemnification under various specific circumstances). But none of these enumerated restrictions on indemnification excludes all lawsuits between a corporation and its director. Therefore, the Fourth District’s reasoning and conclusion in Wendt are at odds with the plain language of the statute.
III. CONCLUSION
For the reasons addressed above, we hold that section 607.0850 authorizes corporate directors to seek indemnification from the corporation for actions brought against the directors by the corporation itself. Accordingly, we quash the decision of the Fourth District below and approve the reasoning of the First District in Turkey Creek on the conflict issue. We remand for further proceedings consistent with this opinion without prejudice to the directors seeking to amend their complaint for indemnification. We do not reach the other issues not previously addressed by the Fourth District below, and we expressly do not reach the merits of whether indemnification is applicable under the facts of this case.
It is so ordered.
CANADY, C.J., and LEWIS, POLSTON, LABARGA, and PERRY, JJ„ concur.
QUINCE, J., dissents with an opinion.
PARIENTE, J., recused.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

. Because section 607.0850, Florida Statutes, has remained unchanged since 1989, with the exception of gender neutrality amendments in 1997, see ch. 89-154, § 93, Laws of Fla.; ch. 97-102, § 30, Laws of Fla., the year has been omitted.

.For an extensive factual and procedural background, see La Costa Beach Club Resort Condominium Ass’n v. Carioti, 37 So.3d 303, 305 (Fla. 4th DCA 2010), and Wendt, 14 So.3d 1179.

. Although the Fourth District in Wendt attempts to distinguish its prior decision in O’Brien and does not acknowledge its prior decision in Alternative Development, both previous cases correctly presume that section 607.0850 allows a corporate officer who has been sued by his corporation to seek indemnification from the corporation.