QUINCE, J.,
dissenting.
I respectfully dissent because like the Fourth District Court of Appeal, I find that indemnification is required only where one party discharges an obligation that should have been discharged by the other party to the action. As the district court put it:
Here, the directors have not alleged that they have discharged a duty which the association should have discharged, that they have been left open to liability due to the association’s wrongful acts, or that they have been held vicariously liable to a third person and seek recovery from the association whose action caused the damage. Rather, the directors, wholly ignoring the definition of “indemnify,” have sought to transform the re *1232 maining language in bylaws article XII and section 607.0850 into a vehicle for recovering their attorney’s fees and costs if they become the prevailing party in the association’s suit for breach of fiduciary duty. The trial court correctly dismissed the directors’ attempt to en-graft that interpretation upon the bylaws and the statute.
See Wendt v. La Costa Beach Resort Condominium, 14 So.3d 1179, 1181-82 (Fla. 4th DCA 2009); accord Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla.1979).
CANADY, C.J., and LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.